[Civ. No. 25468. Third Dist. Nov. 19, 1985.]

ROBERT D. BAMBULA et al., Petitioners, v.
THE SUPERIOR COURT OF AMADOR COUNTY, Respondent;
DAN WHITE et al., Real Parties in Interest.

654

COUNSEL

Daniel G. Nauman for Petitioners.

No appearance for Respondent and for Real Parties in Interest.

OPINION

**PUGLIA, P. J.**—Petitioners seek a writ of mandate to compel the assigned trial judge to refrain from presiding over further proceedings in the underlying action. The dispositive issue in this proceeding is whether a trial judge's determination of a summary judgment motion involves "contested fact issues relating to the merits" of the action within the meaning of Code of Civil Procedure section 170.6. We conclude it does not.

Petitioners' action for fraud, negligence, breach of broker's duties, breach of warranty and conspiracy is presently assigned to Judge Martin H. Ryan. Petitioners moved for peremptory disqualification of Judge Ryan pursuant

to the provisions of Code of Civil Procedure section 170.6.[1] Judge Ryan denied the motion on the ground it was "untimely filed." Petitioners filed a motion for reconsideration, which was denied by Judge Ryan on the ground that he had "heard and determined contested issues of fact preceding the filing of the motion, . . ."

After petitioner filed the instant petition, we notified all parties that the court was considering issuing a peremptory writ in the first instance and invited opposition. No opposition has been received. We shall issue a peremptory writ of mandate.

■ "It is settled that the challenged judge may rule on the timeliness of a peremptory challenge." (*Micro/Vest Corp.* v. *Superior Court* (1984) 150 Cal.App.3d 1085, 1089 [198 Cal.Rptr. 404], citing *Andrews* v. *Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285, 294 [48 Cal.Rptr. 646]; *Lewis* v. *Linn* (1962) 209 Cal.App.2d 394, 399-400 [26 Cal.Rptr. 6].)

"Prior to 1965, if a party failed to exercise his section 170.6 rights before a pretrial hearing involving a contested issue of law or fact, he lost his right to peremptorily disqualify the judge." (*In re Abdul Y.* (1982) 130 Cal.App.3d 847, 857 [182 Cal.Rptr. 146], citing *Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195 [41 Cal.Rptr. 721].) "In 1965, the Legislature, at the suggestion of the State Bar of California, adopted the following amendment to section 170.6, subdivision 2: 'The fact that a judge has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of *contested fact issues relating to the merits* shall not preclude the later making of the motion [to disqualify] provided for herein at the time and in the manner hereinbefore provided.' [Citation.]" (*Kohn* v. *Superior Court* (1966) 239 Cal.App.2d 428, 429-430 [48 Cal.Rptr. 832].) (Italics in original.) ■ "The underlined language is at the heart of, reflects the motivating purpose of the 1965 amendment. This addition preserves the right of a party to disqualify a judge under . . . section 170.6 notwithstanding the

---

[1] Code of Civil Procedure section 170.6 provides, in part: "(1) No judge . . . of any superior . . . court of the State of California shall try any civil . . . action . . . of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established . . . that such judge . . . is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action . . . . [¶] (2) Any party to or any attorney appearing in any such action . . . may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury . . . that the judge . . . before whom such action . . . is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial . . . before such judge, . . ."

All further references to sections of an unspecified code are to the Code of Civil Procedure.

fact the judge had heard and determined an earlier demurrer or motion, or other matter not involving 'contested fact issues' relating 'to the merits' without challenge in the same cause. [Citation.]" (*In re Jose S.* (1978) 78 Cal.App.3d 619, 626 [144 Cal.Rptr. 309]; accord *Brown* v. *Swickard* (1985) 163 Cal.App.3d 820, 825 [209 Cal.Rptr. 844].)

Since the 1965 amendment to section 170.6, "[a] variety of pretrial motions have been found not to involve a determination of contested fact issues" relating to the merits. (*In re Abdul Y., supra,* 130 Cal.App.3d at pp. 858-859, fn. 9, citing *People* v. *Montalvo* (1981) 117 Cal.App.3d 790 [173 Cal.Rptr. 51] (plea bargain); *In re Jose S., supra,* 78 Cal.App.3d 619 (in chambers review of polygraph report); *People* v. *Hunter* (1977) 71 Cal.App.3d 634 [139 Cal.Rptr. 560] (motion to amend information); *Los Angeles County Dept. of Pub. Social Services* v. *Superior Court* (1977) 69 Cal.App.3d 407 [138 Cal.Rptr. 43] (motion to transfer and motion for continuance); *Zdonek* v. *Superior Court* (1974) 38 Cal.App.3d 849 [113 Cal.Rptr. 669] (demurrer to complaint); *Fraijo* v. *Superior Court* (1973) 34 Cal.App.3d 222 [109 Cal.Rptr. 909] (plea bargain); *Hospital Council of Northern Cal.* v. *Superior Court* (1973) 30 Cal.App.3d 331 [106 Cal.Rptr. 247] (motion for judgment on the pleadings); *Kohn* v. *Superior Court, supra,* 239 Cal.App.3d 428 (motion to dismiss pursuant to Pen. Code, § 995).)

■ In the underlying action, Judge Ryan has ruled on only two contested matters: a motion for summary judgment as to certain parties and a motion for new trial or reconsideration of the summary judgment ruling. In ruling on a summary judgment motion, the judge does not pass upon or determine issues of fact but rather decides whether a triable issue of fact exists. (*Church* v. *Arko* (1977) 75 Cal.App.3d 291, 295 [142 Cal.Rptr. 92].) Therefore, the resolution of a summary judgment motion does not involve the determination of contested fact issues. For the same reason, determination of a motion to reconsider summary judgment would not involve determination of contested fact issues. Consequently, Judge Ryan had not ruled on a contested fact issue prior to filing the peremptory challenge.

■ Moreover, the peremptory challenge was timely despite the 1982 amendment to subdivision (2) of section 170.6, which reads: "If the court in which the action is pending is authorized to have no more than one judge and the motion claims that the duly elected or appointed judge of that court is prejudiced, the motion [to disqualify that judge] shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion." Amador County is authorized to have one judge of the superior court. (Cal. Const., art. VI, § 4; Gov. Code, § 69580 et seq.) ■ Petitioners

first appeared in the action on May 27, 1981, when they filed their complaint. (*Brown* v. *Swickard, supra,* 163 Cal.App.3d at pp. 826-827; 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, §§ 115, 141, pp. 491, 522-524.) ■ The peremptory challenge was not filed until July of 1985. Petitioner's peremptory challenge is not barred by operation of the 30-day rule because the 1982 amendment to subdivision (2) of section 170.6 can only be applied prospectively to appearance made on or after its effective date, January 1, 1983. (*Brown* v. *Swickard, supra,* 163 Cal.App.3d at pp. 826-830.)

■ Since petitioners' section 170.6 challenge was timely filed and supported by a sufficient declaration of prejudice, Judge Ryan's jurisdiction was "strictly limited to . . . recusing himself." (*People* v. *Hall* (1978) 86 Cal.App.3d 753, 756-757 [150 Cal.Rptr. 412], citing *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 190 [137 Cal.Rptr. 460, 561 P.2d 1148].)

■ The petition has been served on respondent court and real parties in interest. Having advised the parties that we were considering issuing a peremptory writ without first issuing an alternative writ, and having thereafter afforded the parties an opportunity to file opposition to the petition, this court is empowered to issue a peremptory writ in the first instance. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]; *St. Paul Fire & Marine Ins. Co.* v. *Superior Court* (1984) 161 Cal.App.3d 1199, 1203 [208 Cal.Rptr. 5].)

Let a peremptory writ of mandate issue directing respondent superior court to issue an order disqualifying the Honorable Martin H. Ryan from presiding further over the underlying action, Bambula v. White, Amador County Superior Court No. 11169, and further directing respondent superior court to notify the Chairperson of the Judicial Council of the need to assign another judge to preside over the underlying action. Pending finality of this decision, all further proceedings in Bambula v. White, Amador County Superior Court No. 11169, are stayed.

Blease, J., and Sims, J., concurred.