[No. B025258. Second Dist., Div. Five. Feb. 11, 1987.]

CALIFORNIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GREGORY R. McCLINTOCK et al., Real Parties in Interest.

COUNSEL

McKenna, Conner & Cuneo, Bernard Kolbor, Aaron M. Peck, Michael R. Grzanka, Stephen E. Traverse and Shannon M. Foley for Petitioner.

No appearance for Respondent.

McClintock, Kirwan, Benshoof, Rochefort & Weston and Ward L. Benshoof for Real Parties in Interest.

OPINION

**HASTINGS, J.**—This is a class action lawsuit against California Federal Savings and Loan Association (Cal Fed) in which the plaintiffs contend, among other things, that Cal Fed's method of computing the "interest rate adjustment" on variable interest rate loans is designed to yield consistent interest rate increases, but almost never a decrease. The issue in this original proceeding is whether Cal Fed's peremptory challenge (Code Civ. Proc., § 170.6) of the Honorable Norman Dowds was timely filed. We hold that it was not.

This action was filed in September 1984. In late 1985, Cal Fed filed a motion for summary adjudication of issues (Code Civ. Proc., § 437c, subd. (f)). One of the crucial issues in the case, and one of the issues which Cal Fed sought to have adjudicated, involved an interpretation of the promissory note which Cal Fed utilized for variable interest rate loans. Judge Dowds resolved this issue in favor of Cal Fed.[1]

In May 1986, plaintiffs initiated proceedings to have the action certified as a class action. Plaintiffs' "Motion for Class Certification" was met with a number of evidentiary and other objections by Cal Fed. Plaintiffs filed an equally weighty response to the objections. Further objections, replies, and rebuttals ensued. After several months, the motion for class certification was heard on September 8, 1986. At that time, Judge Dowds vacated certain portions of his prior ruling on Cal Fed's motion for summary adjudication of issues, including his ruling relating to the interpretation of the promissory note. In his minute order of September 8, 1986, Judge Dowds stated: "On further consideration of the terms of the promissory note in question in connection with the Court's consideration of the plaintiffs' motion for class certification and, in particular, upon consideration of the definition of the term 'effective interest rate' as set forth therein, the Court is tentatively of the opinion that the plaintiffs' interpretation of the note is correct and the defendant's interpretation is incorrect. Accordingly, the Court's prior order is vacated as above set forth and the matter is set for further argument."

Prior to this "further hearing," Cal Fed tried unsuccessfully to withdraw its motion with respect to that issue, "without prejudice to its renoticing the same prior to trial," on the ground that resolution of that issue was unnecessary to the determination of whether the action should be certified as a class action.

On October 27, 1986, Judge Dowds indicated that he would grant the motion for class certification if plaintiffs would file an amended complaint "clarifying issues of concern to the court." Among the issues were those raised by Cal Fed in its opposition to plaintiffs' motion for class certification.

Plaintiffs filed their amended complaint on November 14, 1986, and noticed the matter for further hearing on December 2, 1986. At the request of Cal Fed, this hearing was continued to December 23, 1986.

Cal Fed filed its peremptory challenge of Judge Dowds on November 26,

---

[1]This motion addressed only the contractual issues raised in plaintiffs' complaint. Cal Fed also filed a later motion for summary adjudication of issues with respect to plaintiffs' non-contractual claims. That motion was denied.

1986, prompting another series of responses, replies and rebuttals.[2] At the December 23 hearing, Judge Dowds correctly ruled that the peremptory challenge was untimely.

■ Cal Fed contends that its peremptory challenge, filed November 26, deprived Judge Dowds of jurisdiction to make any further rulings in the case, including those related to the certification process and considered at the hearing on December 23. However, as Judge Dowds appropriately pointed out to counsel for Cal Fed, "[C]lass certification is all one proceeding. You can't take part of it and see if you like the result, and then challenge the judge on the remaining matters." The class certification procedure in this case was commenced on May 7, 1986, with the filing of plaintiffs' motion. The certification process has continued for some nine months, due in no small part to the objections and concerns raised by Cal Fed. The peremptory challenge was therefore untimely insofar as it attempted to disqualify Judge Dowds from ruling on any matters relating to certification of the class.

■ This brings us to the issue of whether Cal Fed's peremptory challenge deprives Judge Dowds of jurisdiction over issues other than class certification. Cal Fed contends that the challenge was timely because Judge Dowds had not yet made any rulings involving a "determination of contested issues of fact relating to the merits of the action."[3] Aside from the class certification proceeding, the only other matters on which Judge Dowds ruled were motions for summary adjudication of issues. Relying primarily on *Bambula v. Superior Court* (1985) 174 Cal.App.3d 653 [220 Cal.Rptr. 223], Cal Fed contends that Judge Dowds's rulings on those motions did not preclude Cal Fed from filing its peremptory challenge.

In *Bambula,* the court held that the resolution of a summary judgment motion does not involve the determination of contested fact issues, because in ruling on such a motion, the judge does not pass upon or determine issues of fact but rather decides whether a triable issue of fact exists. The approach taken by the *Bambula* court might well be appropriate in a simple case where the challenged judge, in ruling upon a motion for summary judgment, has merely to assess the factual issues presented by each party and determine whether there is a conflict with respect to those issues, giving rise to a triable issue of fact. This, however, is not such a case.

---

[2] All of these documents are part of the record herein, which weighs over 18 pounds.

[3] Code of Civil Procedure section 170.6, subdivision (2), provides in pertinent part that "[t]he fact that a judge ... has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial *and not involving a determination of contested fact issues relating to the merits* shall not preclude the later making of the motion provided for herein. ..." (Italics added.)

Unlike Code of Civil Procedure sections 170.1 to 170.5, which govern challenges of a judge for cause, section 170.6 affords a party the opportunity to file a "no questions asked" peremptory challenge of a judge. However, that section imposes a restriction that such a challenge may not be filed after the challenged judge has made a determination which bears on the merits of the case.

In its motion for summary adjudication of issues, Cal Fed presented to Judge Dowds a number of issues involving complex questions of law, not the least of which was the issue involving the contractual interpretation of Cal Fed's promissory note. This was one of the issues which would "make or break" the case for Cal Fed. By characterizing this crucial ruling as one in which the court "merely decides whether a triable issue of fact exists," Cal Fed exalts form over substance. Just as plaintiffs would have been precluded from filing a section 170.6 peremptory challenge after Judge Dowds's initial adverse rulings, Cal Fed is precluded from filing a similar challenge after Judge Dowds's reconsideration of the issue resulted in a ruling adverse to Cal Fed.

The petition for writ of mandate is denied. Real parties in interest to recover costs. This order is made final forthwith.

Ashby, Acting P. J., and Eagleson, J., concurred.

Petitioner's application for review by the Supreme Court was denied April 23, 1987.