[No. A036603. First Dist., Div. Four. Mar. 25, 1987.]

KAISER FOUNDATION HOSPITALS et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
ARIFAH RAHMAN et al., Real Parties in Interest.

[Opinion certified for partial publication.*]

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Robert A. Seligson and Archer, McComas & Lageson for Petitioners.

No appearance for Respondent.

Steven J. Brewer and Gwilliam & Ivary for Real Parties in Interest.

OPINION

ANDERSON, P. J.—In this original proceeding we are asked to determine whether a motion to disqualify a judge made pursuant to section 170.6 of

the Code of Civil Procedure[1] was timely and whether the subsequent order granting a motion to vacate an arbitration award was an abuse of discretion.

The underlying action is a complaint for wrongful death filed by real parties in interest against petitioners on July 21, 1981. The parties stipulated to binding arbitration and, after a hearing held in February 1986, the arbitrators found in favor of petitioners in a two-to-one decision. On April 10, 1986, real parties filed a petition in superior court to vacate the award on the ground that the neutral arbitrator should have disclosed the fact that he had accepted an appointment as a party arbitrator for petitioners in an unrelated case. The motion was noticed for hearing in Department One on May 9, 1986, and later continued by stipulation to May 20.

When the petition came on for hearing on May 20, petitioners submitted a challenge of the Honorable Henry Ramsey, Jr. pursuant to section 170.6. Real parties protested, pointing out that under a local rule petitioners were able to discover the (adverse) tentative ruling prior to the hearing. Judge Ramsey recognized the problem of timing concerning the making of a section 170.6 challenge under the tentative ruling system but nevertheless denied this challenge as untimely.[2]

---

[1] All statutory references hereinafter are to the Code of Civil Procedure unless otherwise indicated.

[2] The following colloquy occurred between court and attorneys upon the presentation of the motion to disqualify:

"THE COURT: I don't mind and I don't have any objection to it, but it seems to me that it is probably improper to do it after you get the tentative ruling.

"MR. McCOMAS: There is a case entitled Buschar, 105 Cal.App.3d, 768, which talks about the ten day, five day ruling of 170.6. And indicates that in the law and motion matter, that a 170.6 challenge is timely at the time the matter is called to be heard. It does not discuss the question of the tentative ruling system, which is established in some counties. That is, that is clear. But it does indicate that filed at the time of hearing when the case is called, when the case is assigned to a department rather than a particular judge is timely.

"MR. GWILLIAM: Your Honor, I would object to it. I think that the tentative ruling system should be put on the record, and it is well known to all of us and certainly well known to Mr. Mc Comas, since he called me this morning about it. But this is in essence a, an attempt to disqualify the court after it has heard the papers. There is no doubt Mr. Mc Comas knew they were submitted before your Honor. And I doubt seriously that he would have come up here with a 170.6 had the tentative ruling been in his favor so, you already looked into it. I, I never heard of such a thing as a 170.6 after a tentative ruling.

"THE COURT: It is, I mean, it is complex. And at first blush one doesn't know. But, I mean, there is this problem that you don't know who the judge is. There is no question about that. You know who the judge is that is assigning the department. You know that. [¶] Judges are sometimes sick. They are sometimes on vacation. That is what complicates the matter. [¶] On the other hand, you also know you have a tentative ruling system; and I don't know how we handle it. I know how my suggestion would be. That one make an inquiry as to whether the judge is going to be the person that would hear the case in a county where you had a tentative ruling system. It seems to me that the worst thing you could have is where you allow a 170.6 after you wait to see what the tentative ruling is going to be. [¶] So, I'm going to deny the tentative ruling. Take it up. But so, in any event, strike "the tentative ruling". [Sic.] I'm going to deny the challenge, 170.6, untimely made under the circumstances of this case."

The court then granted the petition to vacate the award and ordered a rehearing before new arbitrators. In response to the instant petition for writ of prohibition and/or mandate, this court issued an alternative writ.

## I. *Motion to Disqualify Judge*

■ Section 170.6 guarantees to litigants "an extraordinary right to disqualify a judge. The right is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required." (Italics in original.) (*McCartney* v. *Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531 [116 Cal.Rptr. 260, 526 P.2d 268].)
■ "However, that section imposes a restriction that such a challenge may not be filed after the challenged judge has made a determination which bears on the merits of the case." (*California Fed. Sav. & Loan Assn.* v. *Superior Court* (1987) 189 Cal.App.3d 267, 271 [234 Cal.Rptr. 413].) Furthermore, the statute prescribes certain time limits within which the motion must be made. Pertinent here is (1) the requirement that when the judge is known at least 10 days before the date set for the hearing, the motion must be made no later that 5 days before the scheduled date—the 10-day/5-day rule—and (2) the proviso that if the motion is directed to a hearing, the motion must be made not later than the commencement of the hearing.

■ Petitioners contend that they did not know the judge who was to hear the motion to vacate the award with sufficient certainty to invoke the 10-day/5-day rule and, since they made the motion to disqualify before hearing commenced, the motion was timely and by law must be granted.

Petitioners rely here, as they did below, on the case of *Bouchard* v. *Insona* (1980) 105 Cal.App.3d 768 [164 Cal.Rptr. 505]. In *Bouchard,* a motion to vacate and set aside a default judgment was filed in the law and motion department. Three days before the date set for the hearing, one of the parties moved to disqualify the judge regularly assigned to the law and motion calendar. The motion was denied on the ground that it was untimely under the 10-day/5-day rule. Appellant argued that "the judge who will actually hear the matter is not known until the calendar is called, the 10-day/5-day rule has no application, and a motion to disqualify is timely until the hearing actually commences." (*Id.,* at p. 771.) The reviewing court agreed, commenting that even respondents recognized that it was but a probability rather than a certainty that the judge regularly assigned to law and motion would actually hear the case. (*Id.,* at p. 772; see also *Retes* v. *Superior Court* (1981) 122 Cal.App.3d 799 [176 Cal.Rptr. 160].)

Accepting petitioners' argument in a situation where there is a tentative ruling procedure such as that which exists in Alameda County would allow

a party to wait until after learning of the tentative ruling before exercising a section 170.6 challenge: A hearing is not held unless a party is dissatisfied with the tentative ruling.[3] We feel about such a result as did the court in *McClenny* v. *Superior Court* (1964) 60 Cal.2d 677, 689 [36 Cal.Rptr. 459, 388 P.2d 691], where the court remarked: "We cannot ignore in defendant's position the potentiality for abuse of section 170.6. We cannot permit a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial administration."

Nor do we believe such a result is necessary under *Bouchard* which did not consider the timeliness of a section 170.6 challenge in a jurisdiction which employs a tentative ruling procedure. Section 170.6 allows for accommodation for procedures not specifically addressed therein: "In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be."

We hold that the 10-day/5-day rule may be followed in jurisdictions having a tentative ruling procedure where motions are set in a department which has a regularly assigned judge. If, however, the regularly assigned judge does not, in fact, rule on the motion or if the regular assignment has been changed without sufficient notification to the parties, the tentative ruling system must give way to the parties' right to exercise the section 170.6 challenge. ■ A local rule may not deprive a party of its right to challenge under section 170.6. (Cf. *Sambrano* v. *Superior Court* (1973) 31 Cal.App.3d 416 [107 Cal.Rptr. 274].) In such a situation, the challenge must be allowed at the time of hearing despite the challenging party's knowledge of a tentative ruling.

---

[3]The Alameda County Superior Court Rules provided in pertinent part: "Rule 1002: Department One, 2:00 P.M. Calendar. The following matters, for Northern Division cases only, shall be set for hearing or heard in Department One at 2:00 p.m.: (a) All applications for writs of mandate, review, and prohibition; (b) All applications for appointment of a receiver; (c) All applications for a restraining order, or for a preliminary injunction (except in Family Law matters); (d) Writs of attachment, execution, or possession; (e) Petitions to confirm or vacate arbitration awards; (f) Petitions to compel arbitration; (g) Motions to confirm good faith settlement.

"Rule 1007: Tentative Rulings. To obtain a tentative ruling on Law and Motion matters call the numbers listed below for the respective Department after the time indicated: Department 1: 9:30 a.m. calendar and 2:00 p.m. calendar call (415) 874-5717 after 2:00 p.m. the day preceding the scheduled hearing.

"Rule 1008: Request for Hearing after Tentative Ruling. a. Parties satisfied with a Tentative Ruling need not appear at the scheduled hearing. Parties intending to appear and contest the Court's ruling must notify opposing counsel and the Court of such intent by . . . 12:00 noon on the day of the hearing . . . . b. If only one side appears at the hearing, counsel must submit a written declaration or state orally that all parties have been timely notified of the intended appearance."

 In the instant case, it is clear that Judge Ramsey was the regularly assigned judge in Department One where the motion was noticed. Petitioners have never contended they were ignorant of this assignment. We hold, therefore, that their challenge at the time set for hearing was untimely.

II. *Motion to Vacate Arbitrators' Award**

. . . . . . . . . . . . . . . . . . . .

The alternative writ is discharged and the petition denied.

Poché, J., and Channell, J., concurred.

---

*See footnote, *ante,* page 721.