[No. B026943. Second Dist., Div. Three. July 10, 1987.]

LANDMARK HOLDING GROUP, INC., et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CALIFORNIA BELL CLUB et al., Real Parties in Interest.

## COUNSEL

Leo Branton, Jr., and Edward V. Washington, Jr., for Petitioners.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

Manning & Hart-Nibbrig, Howard Manning, Jr., and Harold C. Hart-Nibbrig for Real Parties in Interest.

## OPINION

KLEIN, P. J.—Petitioner is requesting relief from the denial of a peremptory challenge pursuant to Code of Civil Procedure section 170.6,[1] which denial was based on a finding that the challenge was untimely filed after an ex parte proceeding concerning a temporary restraining order (TRO). Because no determination of a contested factual issue is made during the ex parte proceeding, we conclude the motion to disqualify was timely filed.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

## Discussion

### I. No Bar to a Motion to Disqualify Absent Determination of a Contested Issue of Fact

Section 170.6, subdivision (2) provides: "The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and *not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion ....*" (Italics added.) The purpose of the statute is clearly to preserve the right of a party to disqualify a judge, notwithstanding the fact that the judge has heard an earlier matter not involving contested issues of fact. (*Bambula* v. *Superior Court* (1985) 174 Cal.App.3d 653, 656-657 [220 Cal.Rptr. 223]). A peremptory challenge is therefore timely if made before the judge has entered a ruling which bears on the merits of the case. (*California Fed. Sav. & Loan Assn.* v. *Superior Court* (1987) 189 Cal.App.3d 267, 270-271 [234 Cal.Rptr. 413].)

A wide variety of motions and other matters have been held not to involve a determination of contested fact issues. (See, e.g., *Zdonek* v. *Superior Court* (1974) 38 Cal.App.3d 849 [113 Cal.Rptr. 669] [demurrer]; *Hospital Council of Northern Cal.* v. *Superior Court* (1973) 30 Cal.App.3d 331 [106 Cal.Rptr. 247] [judgment on the pleadings]; *Bambula* v. *Superior Court, supra,* 174 Cal.App.3d 653 [summary judgment].)

As stated in *Kohn* v. *Superior Court* (1966) 239 Cal.App.2d 428, 430 [48 Cal.Rptr. 832], it is "crystal clear" that a motion to disqualify a judge can be made after any hearing or proceeding which does not involve a contested fact issue. In order to act as a bar to the motion to disqualify, the judge must have actually resolved conflict in factual contentions relating to the merits. (*Id.,* at pp. 430-431.)

### II. No Determination of Contested Issue of Fact at an Ex Parte Hearing on a TRO

In *Kohn,* the judge denied a motion to set aside felony indictments for lack of probable cause made pursuant to Penal Code section 995. The defendants in *Kohn* then filed motions to disqualify the judge, which motions were denied as untimely filed. Thereafter, the defendants sought a writ of prohibition to restrain the trial judge from proceeding further in the case. The question in *Kohn* was whether a hearing on a motion under Penal Code section 995 is a determination of factual issues relating to the merits. The *Kohn* court found that in a Penal Code section 995 proceeding, the court merely reviews the evidence and does not determine its weight nor resolve

conflicting factual contentions. A motion under Penal Code section 995 seeks a determination as to whether there is probable cause to support the indictment and there is no determination of the merits of the case.

■ At an ex parte hearing on a TRO, a lesser standard is used. The ex parte hearing concerning a TRO is no more than a review of the conflicting contentions to determine whether there is a sufficiency of evidence to support the issuance of an interlocutory order to keep the subject of litigation in status quo pending a full hearing to determine whether the applicant is entitled to a preliminary injunction. (*Gray* v. *Bybee* (1943) 60 Cal.App.2d 564, 571 [141 P.2d 32].) The issuance of a TRO is not a determination of the merits of the controversy. (*Ibid.*) All that is determined is whether the TRO is necessary to maintain the status quo pending the noticed hearing on the application for preliminary injunction. (*Biasca* v. *Superior Court* (1924) 194 Cal. 366, 367 [228 P. 861].)

It must also be noted that the ex parte procedure is usually held with no more than a 24-hour telephonic notice to the respondent. (See Rules of the Superior Court for the County of Los Angeles, Manual of Policy and Procedures for Writs and Receivers, rule 301.) In such a situation, the respondent has no opportunity to review the issues and is unaware of the identity of the judge until he or she arrives at the courthouse. In other cases, respondent has no opportunity to appear at the ex parte proceeding. (*Ibid.*) Respondent and real party each concede that where no appearance is made, it "may be appropriate" to permit a motion to disqualify following the ex parte hearing. However, it is well established that participation in a hearing at which no contested factual issue is determined does not bar the motion to disqualify. (*Hospital Council of Northern Cal.* v. *Superior Court, supra,* 30 Cal.App.3d at pp. 334-337; *In re Jose S.* (1978) 78 Cal.App.3d 619, 628 [144 Cal.Rptr. 309].)

Moreover, the issuance of a TRO cannot be construed as constituting a "tentative ruling" on the ultimate issue nor can the ex parte proceeding be deemed the "beginning" of the hearing on the order to show cause re preliminary injunction because the factual issues have not been defined, submitted or decided in the ex parte TRO proceeding. Where the matter is assigned to a department, not to a judge, the fact that a particular judge usually sits in that department does not provide knowledge of the identity of the judge who will actually hear the matter. (*Bouchard* v. *Insona* (1980) 105 Cal.App.3d 768, 772-773 [164 Cal.Rptr. 505].) Because of the many transfers of judges from one department to another throughout the year, there is a distinct possibility that the hearing on the preliminary injunction will be by a judge other than the judge who conducted the TRO proceeding. (*Ibid.*)

In contrast to the ex parte proceeding, the hearing on the preliminary injunction is a full evidentiary hearing giving all parties the opportunity to present arguments and evidence. (§ 527.)[2]

A TRO is purely transitory in nature and terminates automatically when a preliminary injunction is issued or denied. (*Houser* v. *Superior Court* (1932) 121 Cal.App. 31, 33 [8 P.2d 483].) No final determination of a contested fact issue is made during the ex parte proceeding. A disposition of an incidental matter not affecting the merits of the case cannot act as a bar to the statutory right provided by section 170.6. We therefore conclude a peremptory challenge under section 170.6 is timely when filed subsequent to an ex parte proceeding concerning a TRO and prior to the hearing on a preliminary injunction, where, as here, said challenge is filed in accord with the statutory time periods set forth in section 170.6, subdivision (2).

Having complied with the notice requirements of *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], and in view of the fact that all parties have been afforded the opportunity to file opposition to the petition and a full presentation has been made, we deem this a proper case for issuance of the relief requested in the first instance.

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order finding the peremptory challenge untimely, and to enter instead an order accepting the peremptory challenge and transferring the matter to another judge for the hearing on the preliminary injunction.

The temporary stay order issued by this court is hereby vacated.

Danielson, J., and Arabian, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 30, 1987.

---

[2]Because no tentative ruling was issued concerning granting or denying of the preliminary injunction, *Kaiser Foundation Hospitals* v. *Superior Court* (1987) 190 Cal.App.3d 721 [235 Cal.Rptr. 630] is inapposite to the circumstances here.