[No. H021144. Sixth Dist. Feb. 7, 2001.]

ZILOG, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
PACIFIC INDEMNITY COMPANY et al., Real Parties in Interest.

COUNSEL

Pillsbury Wintrop, Stephen Stublarec, John M. Grenfell, Brent W. Brougher and Margaret S. Schroeder for Petitioner.

No appearance for Respondent.

Nelson, Thompson, Pegue & Thornton, Romain O. Nelson; Ropers, Majeski, Kohn & Bentley, Richard M. Williams and Dean A. Pappas for Real Parties in Interest.

Ann Miller Ravel, County Counsel (Santa Clara), Laurie F. Faulkner, David Kahn and Winifred Botha, Deputy County Counsel, as Amici Curiae on behalf of Real Parties in Interest.

**OPINION**

**WUNDERLICH, J.—**

## I. INTRODUCTION

In this original proceeding, we consider which statutory time limits are applicable to a Code of Civil Procedure section 170.6[1] peremptory challenge to a judge sitting in a trial court that has attributes of both a direct calendar court and a master calendar court. Resolution of this issue is critical to determining whether the peremptory challenge filed by Zilog, Inc. (Zilog) was properly denied as untimely on the grounds that in a direct calendar court, Government Code section 68616, subdivision (i), requires that the peremptory challenge be filed no later than 15 days after the judge's assignment or a party's first appearance. Zilog contends that Government Code section 68616, subdivision (i), is inapplicable, because respondent court is not a direct calendar court, and therefore its peremptory challenge was timely filed within the applicable time limit set forth in section 170.6, subdivision (2). Zilog also contends that an order the trial court made regarding a summary adjudication motion is void because the trial court made the order after improperly denying the peremptory challenge. We agree with Zilog's contentions. Accordingly, we will issue a peremptory writ directing respondent court to vacate its order denying the peremptory challenge as well as its subsequent order regarding the summary adjudication motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Procedural Background*

This insurance coverage dispute arises from the refusal of Pacific Indemnity Company (Pacific) to defend and indemnify its policyholder, Zilog, in a

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

toxic tort action filed against Zilog in the federal district court in Idaho. After the Idaho action was resolved by settlement, Zilog filed a declaratory relief and insurance bad faith action against Pacific in Santa Clara County Superior Court. During the course of the superior court litigation, this matter has been handled by several judges. In August 1998, the Honorable Donald L. Clark heard and denied Pacific's motion for summary adjudication of its duty to defend. Subsequently, the Honorable William J. Elfving was assigned as case management judge in January 1999.

Respondent court advises that Judge Elfving is a case management judge who has been assigned for all purposes except trial. As case management judge, Judge Elfving presided over the next round of summary adjudication motions, which included Pacific's second motion for summary adjudication of its duty to defend. Zilog responded to the second motion by filing an ex parte application for an order summarily denying or striking Pacific's motion on the grounds that the motion improperly sought reconsideration of Judge Clark's August 1998 order denying Pacific's first summary adjudication motion. Judge Elfving heard the ex parte application and determined that it should be filed and heard as a regularly noticed motion. Zilog then filed a motion captioned "Motion for Order Denying Pacific's Motion for Summary Adjudication or, in the Alternative, Transferring the Motion to the Honorable Donald L. Clark for Hearing." This unique motion (hereafter referred to as motion for order denying Pacific's summary adjudication motion) was set for hearing before Judge Elfving on February 10, 2000. However, before the motion could be heard, Zilog filed a peremptory challenge to Judge Elfving.

## B. *Zilog's Section 170.6 Peremptory Challenge*

On January 28, 2000, Zilog filed a section 170.6 peremptory challenge of Judge Elfving. Pacific filed written opposition to the peremptory challenge, arguing that the challenge should be denied because it was untimely. Pacific asserted that the Santa Clara County Superior Court operates as a direct calendar court subject to Government Code fast track rules, including the time limit for peremptory challenges set forth in Government Code section 68616, subdivision (i). That subdivision, Pacific pointed out, has been construed to require a peremptory challenge to be filed no later than 15 days after the assignment of a direct calendar judge. Therefore, because more than 15 days had passed since Judge Elfving was assigned to the case as a direct calendar judge, Pacific argued that Zilog's peremptory challenge was untimely.

Zilog filed points and authorities in support of its peremptory challenge, contending that the trial court was not a direct calendar court within the

meaning of Government Code section 68616, subdivision (i), because its judges are not assigned for all purposes including trial. Zilog asserted that the applicable time limit was set forth in the Code of Civil Procedure, not the Government Code. Specifically, Zilog maintained that its challenge was timely under the 10-day/5-day rule provided by section 170.6, subdivision (2), because it was filed on January 28, 2000, more than 5 days before the February 10, 2000 hearing on Zilog's motion for denial of Pacific's second motion for summary adjudication.

Judge Elfving heard argument concerning the timeliness of Zilog's peremptory challenge on February 8, 2000. He concluded that the challenge was untimely under Government Code section 68616, subdivision (i), because "[t]his court has a calendar system which is really more analogous to and has more of the attributes and features of a direct calendar system. [¶] Judges such as myself, the other case management judges . . . hear everything but trials. The purpose of this is to get a judge up to speed so that they don't have to reinvent the wheel every time a new motion or new matter comes up." Additionally, Judge Elfving explained, "The whole public policy, as the court sees it, is to prevent judge shopping. I have invested considerable time, I have made some rulings. . . . I think the public policy is behind the court in preventing this sort of late in the game challenge of a judge because they don't like the way things might be going."

Based on this reasoning, Judge Elfving denied Zilog's peremptory challenge in a written order filed February 9, 2000. Then, on February 10, 2000, Judge Elfving proceeded to hear and deny Zilog's motion for denial of Pacific's summary adjudication motion. A written order denying the motion was filed February 14, 2000. Thereafter, Zilog sought extraordinary relief from both the order denying its peremptory challenge and the order denying Zilog's motion for denial of Pacific's summary adjudication motion, by way of a petition for writ of mandate filed in this court. We issued an alternative writ and order to show cause why the relief sought should not be granted, and imposed a temporary stay on trial court proceedings.

### III. Discussion

#### A. *Writ Relief Is Available*

■ "The determination of the question of disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding." (§ 170.3, subd.

(d.).)[2] The standard of review for an order granting or denying a peremptory challenge is abuse of discretion. A trial court abuses its discretion when it erroneously denies as untimely a motion to disqualify a judge pursuant to section 170.6. (See, e.g., *City of Hanford v. Superior Court* (1989) 208 Cal.App.3d 580, 584 [256 Cal.Rptr. 274].) ▮ In the present case, we find that petitioner's writ petition was timely filed and, for the reasons discussed below, we conclude that the trial court abused its discretion when it denied petitioner's section 170.6 peremptory challenge as untimely.

## B. *The Statutory Time Limits for Filing a Peremptory Challenge*

▮ "Section 170.6 permits a party to obtain the disqualification of a judge for prejudice, upon a sworn statement, without being required to establish it as a fact to the satisfaction of a judicial body." (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 4 [91 Cal.Rptr.2d 116].) Thus, "[w]here a disqualification motion is timely filed and in proper form, the trial court is bound to accept it without further inquiry." (*Ibid.*) Disqualification is required "even if the court suspects that the party has abused its right to utilize section 170.6." (*La Seigneurie U.S. Holdings, Inc. v. Superior Court* (1994) 29 Cal.App.4th 1500, 1505 [35 Cal.Rptr.2d 175].) The various time limits for filing a section 170.6 peremptory challenge are set forth in both the Code of Civil Procedure and the Government Code.

---

[2]Respondent court filed a brief captioned "Unsolicited Opposition by Superior Court to Petition for Writ of Mandate or Prohibition." We therefore address the issue of respondent court's standing to appear in this matter. In our view, respondent court does not have standing to appear. Section 170.3, subdivision (d), expressly provides that an order determining a judge's disqualification may be reviewed only by way of a writ petition filed by a party: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision and *only by the parties to the proceeding.*" (Italics added.) The phrase "parties to the proceeding" is not expressly defined in section 170.3 or any other section of the statutory scheme for judicial disqualification. However, the word "proceeding" is defined in section 170.5, subdivision (f), as "the action, case, cause, motion, or special proceeding to be tried or heard by the judge." Section 170.5 expressly provides that this definition applies for purposes of interpreting section 170.3. Therefore, a plain language interpretation of the phrase "parties to the proceeding" is that section 170.3, subdivision (d), authorizes only the parties to the underlying litigation to seek writ review of a disqualification order. We acknowledge that this issue is presently pending before the California Supreme Court in *Curle v. Superior Court* *(Cal.App.) However, because respondent court's brief is helpful to this court in that it provides the most authoritative and complete account of the court's operations and the proceedings below, we will consider the court's opposition brief as an amicus curiae brief filed in support of real parties in interest.

---

*Reporter's Note: Review granted August 11, 1999, S080322. For Supreme Court opinion, see 24 Cal.4th 1057 [103 Cal.Rptr.2d 751, 16 P.3d 166].

### 1. *Time Limits Under Code of Civil Procedure Section 170.6*

The rules for timely filing of a section 170.6 peremptory challenge are set forth in subdivision (2) of section 170.6, and were clarified by the California Supreme Court in *People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164 [17 Cal.Rptr.2d 815, 847 P.2d 1031] (hereafter *Lavi*). The Supreme Court stated, "As a general rule, a challenge of a judge is permitted under section 170.6 any time before the commencement of a trial or hearing." (*Lavi, supra,* 4 Cal.4th at p. 1171.) However, the court recognized that section 170.6, subdivision (2), includes three express exceptions to the general rule: (1) the master calendar rule; (2) the all-purpose-assignment rule; and (3) the 10-day/5-day rule. To determine whether a peremptory challenge has been timely filed, the trial court must decide whether the general rule or any of the three exceptions apply. (*Lavi, supra,* 4 Cal.4th at pp. 1172-1173.)

The master calendar rule applies to master calendar courts. In those courts, a peremptory challenge must be filed no later than the time the case is assigned to trial. (§ 170.6, subd. (2).) Whether or not a court is labeled a "master calendar court," it is a master calendar court within the meaning of section 170.6 if cases are assigned to trial by the following method: "a trial-ready case must be assigned to a court [department] that is ready and able to hear the case." (*Lavi, supra,* 4 Cal.4th at pp. 1175, 1185.)

The all-purpose-assignment rule is different. It requires a peremptory challenge to be filed " 'within 10 days after notice of the judge's all purpose assignment.' " (*Lavi, supra,* 4 Cal.4th at p. 1178.) A trial court judge has an all purpose assignment if two criteria are met: (1) "the method of assigning cases must 'instantly pinpoint' the judge whom the parties can expect to ultimately preside at trial"; and (2) "that same judge must be expected to process the case 'in its totality.' " (*Lavi, supra,* 4 Cal.4th at p. 1180; see also *Pedus Services, Inc. v. Superior Court* (1999) 72 Cal.App.4th 140, 145 [84 Cal.Rptr.2d 771].)

Finally, where neither the master calendar rule nor the all-purpose-assignment rule are applicable, the 10-day/5-day rule may apply. The 10-day/5-day rule provides that "Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date." (§ 170.6, subd. (2); *Lavi, supra,* 4 Cal.4th at p. 1182.) A judge is "known" if "reasonable certainty exists as to the trial judge's identity." (*Lavi, supra,* 4 Cal.4th at p. 1185.)

█ If none of the three exceptions apply, "the general rule of section 170.6, that a challenge may be made any time before trial, applies." (*Lavi,*

*supra*, 4 Cal.4th at p. 1185.) However, even if a challenge is timely filed under these rules, the challenge may be precluded because the judge presided at an earlier hearing. (§ 170.6, subd. (2); *Bambula v. Superior Court* (1985) 174 Cal.App.3d 653, 657 [220 Cal.Rptr. 223].) Only a hearing which involves a determination of contested factual issues relating to the merits will have this preclusive effect. Pursuant to subdivision (2) of section 170.6, the fact that a judge has presided at " 'a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein.' " (*School Dist. of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1131 [68 Cal.Rptr.2d 612]; see also *Barrett v. Superior Court, supra,* 77 Cal.App.4th at pp. 5-6.) This provision was added by amendment in 1965 "at the suggestion of the State Bar of California to preserve the right of a party to disqualify a judge under section 170.6 despite the fact that the judge had heard and determined an earlier demurrer or motion or other matter not involving contested fact issues relating to the merits." (*Depper v. Superior Court* (1999) 74 Cal.App.4th 15, 21 [87 Cal.Rptr.2d 563].)

### 2.   *Time Limits Under Government Code Section 68616, Subdivision (i)*

In 1986, the Trial Court Delay Reduction Act (the Act) was enacted. (Gov. Code, § 68600 et seq.) The Act authorized a three-year pilot project to implement exemplary delay reduction programs. (Assem. Subcom. on Admin. of Justice, Rep. on Assem. Bill No. 3820 (1989-1990 Reg. Sess.) as amended June 25, 1990, p. 1.) The pilot project "clearly represented a fundamental change in the approach to the problem of court congestion. It embraced the principle of active judicial management which required that trial judges aggressively monitor and manage litigation from the filing of the first pleading until final disposition." (*International Union of Operating Engineers v. Superior Court* (1989) 207 Cal.App.3d 340, 350 [254 Cal.Rptr. 782].) In 1990, the Act was permanently established with various changes intended to provide uniformity throughout the state's trial courts. Among these changes was a time limit for filing peremptory challenges in a direct calendar court. (Stats. 1990, ch. 1232, § 3, pp. 5140-5146; Assem. Subcom. on Admin. of Justice, Rep. on Assem. Bill No. 3820 (1989-1990 Reg. Sess.) as amended June 25, 1990.)

The peremptory challenge time limit is codified at Government Code section 68616, subdivision (i), which provides that, "[n]otwithstanding Section 170.6 of the Code of Civil Procedure, in direct calendar courts, challenges pursuant to that section shall be exercised within 15 days of the party's first appearance. Master calendar courts shall be governed solely by

Section 170.6 of the Code of Civil Procedure." The terms "direct calendar courts" and "master calendar courts" are not defined within the Government Code, nor are the meaning of these terms discussed in the legislative history of the Act. Accordingly, we must determine when a court constitutes a "direct calendar court," such that the Government Code section 68616, subdivision (i), 15-day time limit applies to peremptory challenges filed in that court.

In resolving this issue of first impression, we are assisted by the rules of statutory interpretation. When the words used in a statute are uncertain, " 'the requisite standards of certainty can be fleshed out from otherwise vague statutory language by reference to any of the following sources: (1) long established or commonly accepted usage; (2) usage at common law; (3) judicial interpretations of the statutory language or of similar language; [and] (4) legislative history or purpose.' " (*Ewing v. City of Carmel-by-the-Sea* (1991) 234 Cal.App.3d 1579, 1594 [286 Cal.Rptr. 382].) Additionally, we presume that "[t]he enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted." (*People v. Weidert* (1985) 39 Cal.3d 836, 844 [218 Cal.Rptr. 57, 705 P.2d 380].) In particular, when the Legislature uses a word that has been construed judicially, we can presume the word was intended in the sense placed on it by the courts. (*In re Marriage of Perry* (1998) 61 Cal.App.4th 295, 306 [71 Cal.Rptr.2d 499]; see also *People v. Weidert, supra*, 39 Cal.3d at pp. 845-846.)

Because the pertinent legislative history is silent, we have examined the use of the phrase "direct calendar court" in the appellate decisions which existed at the time the Act was enacted, first as a pilot project in 1986 and then permanently in 1990, and as amended in 1993 and 1996. (Stats. 1993, ch. 1261, § 7, pp. 7328-7329; Stats. 1996, ch. 1159, § 16.) Our research shows that the phrase "direct calendar court" has had one meaning, whether the appellate decision involved a peremptory challenge or a different issue. The meaning is this: in a direct calendar court, the case is assigned to one judge for all purposes, including trial. (See *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 487 [274 Cal.Rptr. 911] [direct calendaring is the concept of assigning cases to one judge for all purposes]; *Mackey v. Superior Court* (1990) 221 Cal.App.3d 1124, 1126 [270 Cal.Rptr. 905] [direct calendaring means one judge presides over all matters including trial]; *Flores v. Superior Court* (1991) 226 Cal.App.3d 797, 799 [277 Cal.Rptr. 90] [local rule providing direct calendar court where case is assigned to judge for all purposes, including trial]; *Reygoza v. Superior Court* (1991) 230 Cal.App.3d 514, 520 [281 Cal.Rptr. 390] [court policy that "[a]ny case assigned to a direct calendar court is assigned to the judge

presiding in that court for all purposes, including trials"]; *La Seigneurie U.S. Holdings, Inc. v. Superior Court, supra,* 29 Cal.App.4th at p. 1504 [judge was assigned under the Act was assigned for all purposes]; *Fight for the Rams v. Superior Court* (1996) 41 Cal.App.4th 953, 956-957 [48 Cal.Rptr.2d 851] [judge was assigned for all purposes in direct calendar court].)

Since the Act was last amended in 1996, appellate decisions have continued to indicate that a direct calendar court is a court in which one judge is assigned to a case for all purposes, including trial. (See *Goodstone v. Southwest Airlines Co.* (1998) 63 Cal.App.4th 406, 414 [73 Cal.Rptr.2d 655] [local rule providing pursuant to the Act that all courts are direct calendar courts and cases are assigned to a judge for all purposes]; *Cybermedia, Inc. v. Superior Court* (1999) 72 Cal.App.4th 910, 912-913 [82 Cal.Rptr.2d 126] [local rules incorporate Gov. Code, § 68616, subd. (i) time limit for peremptory challenge to judge with all purpose assignment]; *Abbott v. Mandiola* (1999) 70 Cal.App.4th 676, 681 [82 Cal.Rptr.2d 808] ["Direct calendaring entails assignment of a case to one judge for all purposes, including trial"]; see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2000) ¶ 12:36, p. 12(I)-9 [a direct calendar judge "maintains his or her own calendar and is responsible for setting and handling all motions and proceedings in the case, including trial"].)

We conclude, based on judicial construction and common use of the term "direct calendar court," that a court constitutes a direct calendar court within the meaning of Government Code section 68616, subdivision (i), if (1) cases in that court are subject to the provisions of the Act, Government Code section 68600 et seq.; and (2) a judge is assigned to a case for all purposes, including trial. In a direct calendar court, the time limit for filing a peremptory challenge is no later than 15 days after a party's first appearance in a case. (Gov. Code, § 68616, subd. (i).) In situations where the direct calendar assignment is made later than 15 days after a party's first appearance, or a change is made in the assignment, courts have construed Government Code section 68616, subdivision (i), to require a peremptory challenge to be filed within 15 days of notice of the direct calendar assignment. (*Fight for the Rams v. Superior Court, supra,* 41 Cal.App.4th at p. 958; *Cybermedia, Inc. v. Superior Court, supra,* 72 Cal.App.4th at p. 913.)

Thus, the 15-day time limit for filing a peremptory challenge to a judge in a direct calendar court is similar, although not identical, to the 10-day time limit for filing a peremptory challenge to an all-purpose judge under section 170.6, subdivision (2). (*Cybermedia, Inc. v. Superior Court, supra,* 72 Cal.App.4th at p. 913 [§ 170.6 challenge must be filed within 10 days after notice of all purpose assignment].) As one appellate court has noted, it is

therefore "somewhat puzzling that the Legislature has provided fast track litigants filing peremptory challenges five more days than section 170.6 authorizes [for challenging an all-purpose assignment judge]." (*La Seigneurie U.S. Holdings, Inc. v. Superior Court, supra,* 29 Cal.App.4th at p. 1504.) However, the purpose of the short time limit is the same whether or not the case is subject to the Act. Because the identity of the trial judge is known at the outset of the litigation, once an all-purpose or direct calendar assignment is made there is no policy reason to allow postponement of peremptory challenges. (See *International Union of Operating Engineers v. Superior Court, supra,* 207 Cal.App.3d at p. 349; see also *Bouchard v. Insona* (1980) 105 Cal.App.3d 768, 772 [164 Cal.Rptr. 505] [thrust of § 170.6 is to give the litigant an opportunity to disqualify a known trial judge].)

Keeping the definition of direct calendar court in mind, we now turn to the issue of whether respondent court correctly denied Zilog's peremptory challenge on grounds that the challenge was untimely filed under the Government Code section 68616, subdivision (i), 15-day time limit for direct calendar courts.

C. *Zilog's Section 170.6 Peremptory Challenge Was Timely*

Zilog argues that respondent court is not a direct calendar court within the meaning of Government Code section 68616, subdivision (i), and, therefore, the 15-day time limit for direct calendar courts is inapplicable in the present case. We agree. Crucial to our determination is the undisputed fact that Judge Elfving has been assigned to this case for all purposes *except trial.* As we have discussed, a court is not a direct calendar court for purposes of Government Code section 68616, subdivision (i), unless the judge is assigned for all purposes *including trial.* Therefore, Judge Elfving's assignment as a case management judge handling only pretrial proceedings is not the equivalent of a direct calendar assignment. The timeliness of Zilog's peremptory challenge accordingly must be governed by the time limits set forth in section 170.6, subdivision (2), rather than Government Code section 68616, subdivision (i).

Taking into account the procedural posture of the case at bar, we first determine whether the general rule of section 170.6, subdivision (2), permitting a peremptory challenge at any time before the commencement of a trial or hearing, or any of the three exceptions to the rule, are applicable. (See *Lavi, supra,* 4 Cal.4th at p. 1171.) We find that the master calendar rule is inapplicable, because it is clear that the case is not trial ready and was not assigned by the master calendar department to Judge Elfving for trial. We also find the all-purpose-assignment rule to be inapplicable, because that Judge Elfving does not have an all-purpose assignment. It is the third

exception, the 10-day/5-day rule, which governs the timeliness of Zilog's peremptory challenge.

The 10-day/5-day rule provides that "Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date." (§ 170.6, subd. (2); *Lavi, supra,* 4 Cal.4th at p. 1182.) In the present case, it was known more than 10 days prior to the February 10, 2000 hearing on Zilog's motion for denial of Pacific's motion for summary adjudication that Judge Elfving would hear the motion, and Zilog's peremptory challenge was filed on January 28, 2000, more than 5 days before the hearing. The peremptory challenge was therefore timely filed under the 10-day/5-day rule. And, since the peremptory challenge was timely, it had the effect of disqualifying Judge Elfving from conducting any hearing involving a contested issue of law or fact. (§ 170.6, subd. (1).)

In so ruling, we reject the argument that the applicable time limit is the 15-day time limit of Government Code section 68616, subdivision (i), because respondent court's case management system is similar to a direct calendar court. Respondent court argues that its case management system operates like a direct calendar court because the system assigns one judge to aggressively manage a complex case until trial, thereby reducing unnecessary delay in accordance with the Act. However, respondent court's case management system lacks the defining characteristic of a direct calendar court because it does not instantly pinpoint the judge who will try the case.

Instead, respondent court operates as a master calendar court to the extent of not identifying the trial judge until the time of trial. The 15-day time limit of Government Code section 68616, subdivision (i), cannot be applied in this form of trial court at the outset of the litigation without depriving a party of the right to later file a peremptory challenge of a known trial judge. The same problem arises when the all-purpose-assignment rule's 10-day limit is applied although it is likely that the case will be reassigned to a new judge for trial. (See, e.g., *Reygoza v. Superior Court, supra,* 230 Cal.App.3d at p. 523 ["in criminal cases, to force a defendant to file a peremptory challenge within 10 days of his or her appearance in superior court, defeats the purpose of section 170.6 to provide the defendant with a reasonable opportunity to challenge a known trial judge"].)

At oral argument, counsel for respondent court explained that this undesirable result is avoided because respondent court, by local court policy, permits fast track litigants to exercise two peremptory challenges, consisting of one challenge to the case management judge under Government Code

section 68616, subdivision (i), and a second challenge to the trial judge under the master calendar rule of section 170.6, subdivision (2). However, we must reject this reasoning because respondent court's two-challenge system exceeds the statutory boundaries of section 170.6. That section provides that, except in certain circumstances not applicable here, only one peremptory challenge motion is allowed in a case: "Except as provided in this section, no party or attorney shall be permitted to make more than one such motion in any one action or special proceeding pursuant to this section." (§ 170.6, subd. (3).)[3]

We acknowledge that our ruling may lead to some of the inefficiencies and time delays which respondent court has sought to avoid by its development of a case management system which includes attributes of both a direct calendar court and a master calendar court. However, considerations of efficiency do not trump a party's right to file a peremptory challenge of the judge who will try the case. "[J]udicial efficiency is not to be fostered at the expense of a litigant's rights under section 170.6 to peremptorily challenge a judge." (*City of Hanford v. Superior Court, supra,* 208 Cal.App.3d at p. 593.)

Finally, we consider Pacific's alternative argument that Zilog's peremptory challenge was precluded because Judge Elfving had previously ruled on Zilog's summary adjudication motion in April 1999. In making this argument, Pacific's reliance on the decision in *California Fed. Sav. & Loan Assn. v. Superior Court* (1987) 189 Cal.App.3d 267 [234 Cal.Rptr. 413] (hereafter *California Savings & Loan*), is misplaced. In *California Savings & Loan*, the appellate court held that a section 170.6 peremptory challenge was untimely filed after the judge had made a ruling on "make or break" issues in a motion for summary adjudication. (*California Savings & Loan, supra,* 189 Cal.App.3d at p. 271.) However, this decision has been criticized as contrary to the express language of section 170.6, subdivision (2), which provides that only a prior ruling involving a determination of "contested fact issues relating to the merits" will preclude a later peremptory challenge. (See *Fight for the Rams v. Superior Court, supra,* 41 Cal.App.4th at p. 958; *School Dist. of Okaloosa County v. Superior Court, supra,* 58 Cal.App.4th at p. 1133.) We agree with these decisions and decline to follow *California Savings & Loan.* Where, as here, a judge has previously ruled on a motion for summary adjudication, that judge has determined only legal issues and remains subject to a later peremptory challenge under the plain language of section 170.6. (*Bambula v. Superior Court, supra,* 174 Cal.App.3d at p. 657.) Our conclusion that Zilog's section 170.6 peremptory challenge was timely filed under section 170.6 must stand.

---

[3]An additional peremptory challenge is permitted after appeal. "[T]he party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so." (§ 170.6, subd. (2).)

## D. *The Subsequent Order re Summary Adjudication Motion Is Void*

Zilog also seeks extraordinary relief from Judge Elfving's order denying Zilog's motion for denial of Pacific's summary adjudication motion, on grounds that the order must be vacated as void because it was made after Judge Elfving improperly denied Zilog's peremptory challenge. Zilog's reasoning is sound. "When a disqualification motion is erroneously denied, any subsequent orders and proceedings by the disqualified judge have been characterized as 'void for want of jurisdiction.' " (*Guedalia v. Superior Court* (1989) 211 Cal.App.3d 1156, 1161 [260 Cal.Rptr. 99]; see also 2 Witkin, Cal. Procedure (4th ed. 1996) Courts, § 141, p. 187.) Here, Judge Elfving erroneously denied Zilog's peremptory challenge on February 8, 2000, then proceeded to rule on Zilog's motion for denial of Pacific's summary adjudication motion two days later, on February 10, 2000. Judge Elfving's written order of February 14, 2000, denying Zilog's motion, is therefore void.

Finally, because the order denying Zilog's motion for denial of Pacific's summary adjudication motion is void, we decline Zilog's invitation either to reach the merits of the order or to remand the matter with directions. In reaching our decision today, we express no opinion on the merits of Zilog's motion.

## IV.  DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to (1) vacate its order of February 9, 2000, denying Zilog's peremptory challenge pursuant to Code of Civil Procedure section 170.6, and to enter a new and different order accepting the peremptory challenge of the Honorable William J. Elfving; and (2) vacate as void its order of February 14, 2000, denying Zilog's motion for order denying Pacific's motion for summary adjudication or, alternatively, transferring the motion to Judge Clark. The temporary stay order is dissolved. Costs in this original proceeding are awarded to petitioner.

Premo, Acting P. J., and Bamattre-Manoukian, J., concurred.

A petition for a rehearing was denied February 28, 2001.