*636 Opinion
THOMPSON, J.
After a jury trial, defendant was convicted of two counts of robbery. There is a finding of intentional infliction of great bodily injury with respect to the first count, and a finding that defendant used a firearm in the commission of both robberies. In this appeal, defendant contends: (1) the trial court erred in denying as untimely his motion to disqualify the trial judge pursuant to Code of Civil Procedure section 170.6; (2) the verdict is not supported by substantial evidence; (3) a pretrial process of photographic identification was impermissibly suggestive; and (4) he was erroneously denied his motion for a pretrial lineup identification. Although not specifically argued by defendant, there is a substantial question whether the evidence supports the use of firearm findings.
We conclude that defendant’s motion to disqualify the trial judge pursuant to Code of Civil Procedure section 170.6 was timely. Accordingly, we reverse the judgment.[1]

Facts Relating to 170.6 Challenge

Defendant was charged in an information filed on December 3, 1975, and arraigned on December 31 in Department 101 of The Los Angeles Superior Court. Pretrial was set for January 23, 1976, and trial for February 19 in that department. On the former date, both sides answered ready for trial and “the cause [was] listed with coordinator as a 4 day jury trial.” On January 23, defendant was rearraigned on an amendment to the information alleging prior convictions. “On defendant’s motion trial [was ordered to remain] 2/19/76 at 9:00 A.M. in Department 101.” The record does not show what occurred on February 19. On February 26, 1976, the judge sitting in department 101 ordered that the “Cause is advanced from the Court’s trial calendar of 2/27/76” and “transferred to Dept. 125 forthwith (1000) for Trial.”
The case was transferred to department 125. Both sides announced ready for trial. Over defendant’s objection, the information was amended to allege use of a firearm. Defendant was arraigned on the use of a firearm allegation and rearraigned on allegations of prior convictions. He was advised of the consequences of admitting the priors. At that point, *637 defendant’s counsel announced that the defendant wished to file a section 170.6 affidavit.
The judge announced that “the filing is untimely.” He stated: “The jury trial is in progress .... Mr. Hunter, we are going to proceed to trial with this matter just as soon as the jury arrives. The jury is out in the hall at the present time. We are going to trial and the only reason we are in here at this point is that we have some preliminary matters that have to be taken up before the jury panel comes in. I didn’t want to bring the jury panel into the courtroom to hear what was going on.”

Timeliness of 170.6 Challenge

As pertinent, subdivision (2) of Code of Civil Procedure section 170.6 states: “Where the judge, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion [to disqualify the judge or commissioner] shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. In no event shall any judge, court commissioner, or referee entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced .... In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be.”
. Here the identity of the judge who was to try the case was not known 10 days before trial. Unless the matter was assigned for trial from a master calendar, the challenge was thus timely if made in the trial department before the name of the first juror was drawn. Here the matter was not assigned for trial from a master calendar.
Rule 248, California Rules of Court, provides: “(a) The presiding judges in Los Angeles and San Francisco Counties shall designate a sufficient number of departments to hear all criminal cases within the time required by law and shall assign the judges to preside therein. The criminal departments shall constitute a separate group to be known as *638 the Criminal Division and the presiding judge shall designate one of the departments as the Master Calendar Department of the Criminal Division. .. .
“(b) All informations, indictments, accusations and other criminal proceedings shall on filing be assigned automatically to the Master Calendar Department....
“(c) Upon a plea other than a plea of guilty, the case shall be assigned a trial date by the judge of the Master Calendar Department and transferred to a trial department or held for later transfer.. ..”
The record is unequivocal that the case at bench was assigned to department 101 for trial and not to that department for further assignment. Department 101 was thus not acting as a master calendar department as defined in rule 248.
The Attorney General argues that, effective January of 1971, Los Angeles master calendar procedures were modified to place responsibility for assigning trial dates and courtrooms for trial in a “Criminal Courts Coordinator.” He contends that from that time forward the “department to which the case is originally assigned is the ‘Master Calendar Department.’ ” The argument lacks substance. Rule 248 controls over any local court designation. The rule says that the presiding judge shall designate one of the criminal departments of the Los Angeles court as the “Master Calendar of the Criminal División.” It does not say that the presiding judge can designate all judges of the criminal departments as the master calendar division.
Thus, the section 170.6 challenge proposed by defendant was timely.[2] Therefore, the court lacked jurisdiction to proceed after the challenge *639 was filed. (People v. Escobedo (1973) 35 Cal.App.3d 32, 36 [110 Cal.Rptr. 550].)[3]
The judgment is reversed.
Lillie, Acting P. J., concurred.

We do not reach other contentions of error asserted by defendant. We note for the guidance of the court on retrial People v. Walker (1976) 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306], decided while this appeal was pending.

Relying upon Swartzman v. Superior Court (1964) 231 Cal.App.2d 195, 200 [41 Cal. Rptr. 721], the dissent finds the section 170.6 motion untimely because, prior to the motion, the judge to whom it was directed had ruled on a contested issue of law concerning the amendment of the information to allege use of a firearm. Swartzman construed Code of Civil Procedure section 170.6 before it was amended in 1965 (Ball v. City Council (1967) 252 Cal.App.2d 136, 146 [60 Cal.Rptr. 139]). As amended, the statute provides: “The fact that a judge . . . has presided at a . . . hearing, proceeding or.motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided.’’ Certainly, a contested motion to amend an information to add a use of firearm allegation does not involve a contested fact issue relating to the merits.

The constitutionality of Code of Civil Procedure section 170.6 was reaffirmed in Solberg v. Superior Court (1977) 19 Cal.3d 182 [137 Cal.Rptr. 460, 561 P.2d 1148],