[No. B201147. Second Dist., Div. Eight. May 22, 2008.]

JANE GUARDADO, a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MARIPOSA GARDENS et al., Real Parties in Interest.

**COUNSEL**

Carpenter & Zuckerman and John C. Carpenter for Petitioner.

No appearance for Respondent.

Dickstein Shapiro, James Turken; Cole Pedroza, Curtis A. Cole and Matthew S. Levinson for Real Party in Interest Max Webb.

No appearance for Real Party in Interest Mariposa Gardens.

**OPINION**

**FLIER, J.**—Code of Civil Procedure section 170.6 (hereafter section 170.6) empowers a party to assert a peremptory challenge to a judge upon the filing of an affidavit by the party's attorney. Subdivision (a)(2) of section 170.6 provides in pertinent part: "The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding, or motion prior to trial and *not* involving a *determination of contested fact issues relating to the merits* shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided." (Italics added.)

The question presented in this case is whether a ruling under Civil Code section 3295, subdivision (c) (hereafter section 3295(c)) that a plaintiff has demonstrated a substantial probability that he or she will prevail on a claim for punitive damages is a "determination of contested fact issues relating to the merits" under section 170.6, subdivision (a)(2). We conclude that it is not such a determination.

### FACTUAL AND PROCEDURAL BACKGROUND

Jane Guardado, a minor, hereafter referred to as petitioner, lived with her mother and stepfather, Rena and Abraham Islam, in an apartment building located in Los Angeles. The building was owned by Mariposa Gardens, a limited partnership (Mariposa). Shapell & Webb, LLC, which was established in 2004, appears to be Mariposa's general partner.

In October 2004, petitioner sued Mariposa for personal injuries resulting from the behavior of the apartment building's manager. Petitioner named Shapell & Webb in lieu of a Doe defendant in December 2005.

In June 2007, petitioner moved for an order authorizing her to conduct pretrial punitive damages discovery under section 3295(c). Section 3295(c) bars discovery regarding punitive damages unless the court enters an order permitting such discovery. On July 12, 2007, Judge Soussan G. Bruguera granted petitioner's motion, finding there was a substantial probability petitioner would prevail on her claim for punitive damages.

On July 17, 2007, real party in interest Max Webb (hereafter Webb), whom petitioner had named as an individual in lieu of a Doe defendant on May 17, 2007, filed a peremptory challenge to Judge Bruguera pursuant to section 170.6. Webb's peremptory challenge was his first appearance in the action. Section 170.6, subdivision (a)(2) provides that a party who has not appeared in an action at the time the case is assigned to a particular judge must assert a challenge under section 170.6 within 10 days of his or her first appearance. Thus, Webb's challenge was timely.

Petitioner opposed the challenge and requested a hearing. She argued the challenge was precluded because it was filed after Judge Bruguera had made her ruling on the section 3295(c) motion to conduct pretrial punitive damages discovery. Petitioner characterized this ruling as a determination of "contested fact issues relating to the merits." (§ 170.6, subd. (a)(2).) Petitioner alternatively argued the challenge was barred because Mariposa had earlier lost its right to file a peremptory challenge by not filing one within the allotted time, and Webb, an alleged partner of Mariposa, was not entitled now to file a separate peremptory challenge on his own behalf.

Webb replied to petitioner's opposition, contending that a ruling under section 3295(c) is a discovery ruling and not a determination of a contested fact issue relating to the merits. He also submitted a declaration stating he was not and had never been a partner of Mariposa.

Judge Bruguera conducted a hearing on the section 170.6 challenge on July 30, 2007. On the day of the hearing, petitioner filed an additional opposition and declaration, changing her theory and now contending Webb was a partner of Mariposa, not directly but because he was allegedly a partner in a general partnership called Shapell & Webb, which was apparently a partner of Mariposa at the time of the alleged tort in 1999.

After conducting the hearing and considering oral argument, Judge Bruguera indicated she never intended the "substantial probability" determination under section 3295(c) to be a determination relating to the merits. She

also concluded petitioner's argument that Webb was not a separate party from Mariposa was unavailing and specifically found Webb's peremptory challenge to be timely and proper. She thus accepted the challenge and transferred the case to another judge.

Petitioner filed a petition for writ of mandate arguing Judge Bruguera erred in accepting the peremptory challenge. We summarily denied the petition because we concluded Webb's peremptory challenge was timely and not otherwise precluded. The Supreme Court granted petitioner's petition for review and transferred the case back to us with directions that we issue an order to show cause and a decision on the merits. After receiving further briefing[1] and hearing oral argument, we again conclude Webb's peremptory challenge was timely and proper, and therefore deny petitioner's writ petition.[2]

## DISCUSSION

1. *A Determination Under Section 3295(c) Is Not a "Determination of Contested Fact Issues Relating to the Merits"*

We first outline the procedure set forth in section 3295(c).

A plaintiff seeking pretrial discovery of the profits gained by the defendant by virtue of the latter's wrongful conduct and discovery of the financial condition of the defendant must file a motion supported by "appropriate affidavits." (§ 3295(c).)[3] If the court deems a hearing necessary, "the

---

[1] Petitioner has filed motions to augment her appendix of exhibits to include pleadings and a minute order that are dated after the trial court ruled on Webb's peremptory challenge on July 30, 2007. Not only is augmentation of the record a procedure on appeal (Cal. Rules of Court, rule 8.155), not in writ proceedings (Cal. Rules of Court, rule 8.490(c)), but as noted these exhibits arose after the trial court's ruling in this case and thus were not considered by that court in making the challenged ruling. (See *BGJ Associates v. Superior Court* (1999) 75 Cal.App.4th 952, 958 [89 Cal.Rptr.2d 693]; *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444 [58 Cal.Rptr.2d 899, 926 P.2d 1085].) Accordingly, the motion to augment is denied.

[2] Almost one month after we heard oral argument and the case was submitted, petitioner filed a motion asking us to dismiss the writ proceeding because she now wanted to proceed to trial without delay. Petitioner never gave any indication of her inclination to voluntarily dismiss her petition until long after this court had invested substantial time and limited resources reviewing and deciding the case on the merits. Accordingly, and because the matter is of general importance, petitioner's request for dismissal is denied. (See *Arden Group v. Burk* (1996) 45 Cal.App.4th 1409, 1411, fn. 1 [53 Cal.Rptr.2d 492].)

[3] In relevant part, Civil Code section 3295 provides: "(a) The court may, for good cause, grant any defendant a protective order requiring the plaintiff to produce evidence of a prima facie case of liability for damages pursuant to Section 3294, prior to the introduction of

court may at any time enter an order permitting the discovery otherwise prohibited by this subdivision if the court finds, on the basis of the supporting and opposing affidavits presented, that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294." (§ 3295(c).)

Importantly, the foregoing is immediately followed by the following provision in section 3295(c): "Such order shall not be considered to be a determination on the merits of the claim or any defense thereto and shall not be given in evidence or referred to at the trial." We will refer to this sentence as the "no merit" provision of section 3295(c).[4]

The first question is whether the no merit provision of section 3295(c) is identical to or different from the phrase "a determination of contested fact issues relating to the merits" that is found in section 170.6. We will refer to this sometimes as the parallel provision of section 170.6.

We conclude that the no merit provision of section 3295(c) is broader in application than the parallel provision found in section 170.6 and includes the scenario envisaged by the parallel provision. Both provisions refer to a determination on the "merits," but the parallel provision is limited to factual determinations.

■ "Merits" cannot mean different things in these two sections; both sections mean to describe by this word the same thing or event, albeit from different perspectives. In section 3295(c), the judge's decision that there is a probability of success should not affect the actual decision *on the merits*. In section 170.6, the intent is to ensure that a challenge is made before the judge acts *on the merits* of the case. That is, under both section 3295(c) and section 170.6, the decision rendered is separated from the merits of the case.

We have taken into account that the no merit provision of section 3295(c) refers to a determination "on the merits" while the parallel provision refers to a "determination . . . relating to the merits." There may be a theoretical distinction between "*on* the merits" and "*relating to* the merits." Whatever that distinction is, it makes no difference since the central idea in both settings is that the decisions made under these two provisions do not implicate, touch upon, or involve the merits of the controversy.

evidence of: [¶] (1) The profits the defendant has gained by virtue of the wrongful course of conduct of the nature and type shown by the evidence. [¶] (2) The financial condition of the defendant."

[4] Webb asks that we take judicial notice of a document contained in the legislative materials of section 3295(c). We deny this request as unnecessary. (See *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 45–46, fn. 9 [77 Cal.Rptr.2d 709, 960 P.2d 513].)

We conclude that the word "merits" means one and the same thing in both sections 3295(c) and 170.6.

The second question is whether we are bound by the text of section 3295(c) when deciding whether a finding under section 3295(c) that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the punitive damage claim is, under, section 170.6, "a determination of contested fact issues relating to the merits." In other words, does the legislative determination that a decision under section 3295(c) is not "on the merits" require us to find that a decision under section 3295(c) is not "on the merits" for the purposes of section 170.6?

We conclude that while, as a court, we have the power to construe the two uses of "merits" differently, neither the plain meaning of these sections nor a sensible interpretation would support such a construction.

We have already pointed out that the phrase and concept "on the merits" is clear and unambiguous. "When statutory language is clear and unambiguous, there is no need for construction. The plain language of the statute controls." (*People v. Johnson* (2007) 150 Cal.App.4th 1467, 1481 [59 Cal.Rptr.3d 405].) A statute should be given a reasonable and commonsense interpretation. (7 Witkin, Summary of Cal. Law (10th ed. 2005) Constitutional Law, § 115, p. 220.) It makes sense, and it is reasonable to conclude that a decision that is not on the "merits" for the purpose of section 3295(c) is also not on the "merits" for the purpose of section 170.6.

There is the further fact that a wide variety of orders have been held not to constitute determinations of contested facts related to the merits of the case under section 170.6.[5] In other words, the parallel phrase in

[5] Examples are: (1) demurrers (*Fight for the Rams v. Superior Court* (1996) 41 Cal.App.4th 953, 957 [48 Cal.Rptr.2d 851]; *Zdonek v. Superior Court* (1974) 38 Cal.App.3d 849, 852 [113 Cal.Rptr. 669]); (2) judgment on the pleadings (*Hospital Council of Northern Cal. v. Superior Court* (1973) 30 Cal.App.3d 331, 337 [106 Cal.Rptr. 247]); (3) summary judgment (*Bambula v. Superior Court* (1985) 174 Cal.App.3d 653, 657 [220 Cal.Rptr. 223]); (4) ex parte order on a temporary restraining order (*Landmark Holding Group, Inc. v. Superior Court* (1987) 193 Cal.App.3d 525, 528 [238 Cal.Rptr. 475]); (5) motions for a continuance (*Los Angeles County Dept. of Pub. Social Services v. Superior Court* (1977) 69 Cal.App.3d 407, 417 [138 Cal.Rptr. 43]); (6) motions to amend an information (*People v. Hunter* (1977) 71 Cal.App.3d 634, 638 [139 Cal.Rptr. 560]); (7) motions to quash on the ground of lack of personal jurisdiction (*School Dist. of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1133–1134 [68 Cal.Rptr.2d 612] [holding motion did not bar peremptory challenge even though it involved disputed fact issues because the issues were not related to the merits of the case]); (8) protective orders (*Fight for the Rams, supra*, at p. 958); and (9) determinations under Penal Code section 995 analyzing the sufficiency of probable cause to hold a criminal defendant for trial (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 5–6 [91 Cal.Rptr.2d 116]; *Kohn v. Superior Court* (1966) 239 Cal.App.2d 428, 431 [48 Cal.Rptr. 832]).

section 170.6 has not been construed expansively but rather with an eye on limiting it to decisions that are actually on the merits of the case.

Relying on *Jabro v. Superior Court* (2002) 95 Cal.App.4th 754 [115 Cal.Rptr.2d 843] (*Jabro*), petitioner argues a substantial probability decision under section 3295(c) requires the weighing of evidence and therefore such a decision is necessarily a determination of contested fact issues relating to the merits. We do not agree.

In *Jabro,* without considering the opposing party's evidence, the trial court granted a section 3295(c) motion after concluding the plaintiff had made a prima facie showing on his claim for punitive damages, and did so without considering the opposing party's evidence. The appellate court held that before a court allows discovery under section 3295(c) it must (1) "weigh" the evidence submitted in support of and opposition to the motion, and (2) find the plaintiff is very likely to prevail on his claim for punitive damages. (*Jabro, supra*, 95 Cal.App.4th at p. 758.)

While the court did hold that the trial court must "weigh" the evidence by considering the evidence presented by both sides, it did not conclude that the court must (or will) resolve or determine contested issues of fact *as to the merits of the claim.* To the contrary, the court concluded that "section 3295(c) concerns a defendant's right to privacy and protection from being forced to settle unmeritorious lawsuits in order to protect this right. It is a discovery statute and does not implicate the traditional factfinding process or the right to a jury trial in any way. Indeed, section 3295(c) expressly states that an order thereunder 'shall not be considered to be a determination on the merits of the claim or any defense thereto and shall not be given in evidence or referred to at the trial.' [Citation.]" (*Jabro, supra*, 95 Cal.App.4th at p. 759.)

We add to this the observation that it is precisely and immediately after setting forth the procedure under section 3295(c) (which the *Jabro* court enforced) that section 3295(c) goes on to set forth what we have called the no merit provision. In other words, it is quite clear that weighing evidence presented pro and con on a section 3295(c) motion does not mean that the merits of the case are implicated.

Petitioner further argues that a finding under section 3295(c) is similar to a decision on a motion for a preliminary injunction, which at least one court has held precludes a subsequent peremptory challenge. (*Pacific etc. Conference of United Methodist Church v. Superior Court* (1978) 82 Cal.App.3d 72, 80 [147 Cal.Rptr. 44] (*Pacific*).) While it is true that *Pacific*

so holds, this holding is not supported by any authority or analysis. In fact, it is directly contradicted by *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889] (*Continental Baking*), a case which *Pacific* cites, although for a different proposition.[6] *Continental Baking* states: " 'The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the right claimed by him.' [Citations.] The general purpose of such an injunction is the preservation of the status quo until a final determination of the merits of the action." (*Continental Baking, supra,* at p. 528.) We are bound to follow our Supreme Court's decision in *Continental Baking.* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

■ We hold that a determination under section 3295(c) is not a "determination of contested fact issues relating to the merits" under section 170.6. Webb's peremptory challenge was therefore not precluded.

2. *Webb Could Assert a Section 170.6 Challenge Even If Mariposa Did Not File One*

Petitioner contends that because Webb was a partner in a partnership that was a partner in Mariposa, he is not a separate entity from Mariposa. It follows from this, according to petitioner, that since Mariposa did not assert a challenge under section 170.6, Webb is precluded from making a section 170.6 challenge.

■ If Webb and Mariposa were one and the same entity, there would have been no need to serve Webb individually. But of course they are not. While for some purposes there is an identity of interest between a partner and the partnership in which he is a partner, it is axiomatic that an individual is a different entity from a partnership in which he is *not* a partner.

It is of course possible that Webb may be in privity with Mariposa for some purposes. But this does not mean that Webb and Mariposa are identical entities.

---

[6] "The hearing on the motion for preliminary injunction, involving as it does an assessment of the likelihood that plaintiffs would prevail at trial (see, e.g., *Continental Baking*[, *supra,*] 68 Cal.2d 512, 528 . . .), requires a determination of such issues and thus precludes a later section 170.6 motion." (*Pacific, supra,* 82 Cal.App.3d at p. 80.)

## DISPOSITION

The petition for writ of mandate is denied and the order to show cause is discharged. Webb is to recover his costs in this writ proceeding.

Cooper, P. J., and Rubin, J., concurred.