Filed 3/9/23  Continental East Development v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| CONTINENTAL EAST DEVELOPMENT, INC., | E080088 |
| Petitioner, | (Super.Ct.No. RIC2002756) |
| v. | OPINION |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | |
| Respondent; | |
| KEAERA BRYANT, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate from an order of the Superior Court of Riverside County.  Craig Riemer, Judge.  Petition granted.

Fisher & Phillips, Spencer W. Waldron, Megan E. Walker, and Bret Martin for Petitioner.

No appearance for Respondent.

1

Schneider Wallace Cottrell Konecky, Carolyn H. Cottrell, and Esther L. Bylsma for Real Party in Interest.

The initial complaints in this consolidated action named Renaissance Villages, Inc. (Renaissance) as the sole defendant. The trial court granted leave to amend so as to add Continental East Development, Inc. (Continental) — allegedly the parent company of Renaissance — as a defendant. Twenty days later, Continental filed a peremptory challenge to the trial judge under Code of Civil Procedure section 170.6 (section 170.6).

If the trial judge had already determined a contested fact issue relating to the merits, Continental could not file a section 170.6 challenge at all. Otherwise, it had to file one, if at all, within 15 days after its first appearance.

Continental was represented by the same law firm and the same attorneys as Renaissance. The trial court denied the challenge as untimely, because those attorneys had appeared in opposition to the motion for leave to amend.

Continental filed this peremptory writ proceeding challenging the denial. We issued an order to show cause and stayed the proceedings in the trial court.

We will hold that the trial court erred. The appearances by Renaissance's attorneys, expressly made solely on behalf of Renaissance, were not appearances by Continental.

The current plaintiff, Keaera Bryant, contends that the trial judge correctly denied the section 170.6 challenge, even if for the wrong reason, because he had already determined contested fact issues relating to the merits. This requires a somewhat detailed

2

discussion of what motions the trial judge had ruled on and what the issues in those motions actually were.  In the end, however, we will conclude that although the parties — especially Renaissance — were constantly pressing the trial judge to resolve contested factual issues related to the merits, in each asserted instance, he wisely did not do so.  Hence, the section 170.6 challenge was timely, and we will issue a writ.

I

STATEMENT OF THE CASE

In July-August 2021, a law firm filed three separate complaints against Renaissance.  Two were putative class actions, in which Destiny Sierra and Gabriella Cornejo, respectively, asserted Labor Code violations, a claim under the Private Attorneys General Act (Lab. Code, § 2698 et seq.) (PAGA), and an unfair competition claim (Bus. & Prof. Code, § 17200).  In the third, Cornejo asserted a PAGA claim.

In November 2021, that law firm associated the law firm now representing Bryant on appeal (collectively plaintiffs' counsel).

In December 2021 and February 2022, Renaissance entered into a settlement agreement with Sierra and Cornejo, respectively.

In or around April 2022, the cases were assigned to Judge Craig Riemer for all purposes.

In July 2022, Renaissance filed a renewed motion to dismiss.[1]  It argued that Sierra and Cornejo had never been victims of any Labor Code violations and therefore did not have standing; that plaintiffs' counsel had improperly solicited Sierra and Cornejo; and that Sierra and Cornejo had revoked plaintiffs' counsel's authorization, if any, to prosecute the action.  Sierra and Cornejo submitted declarations so testifying.

In opposition, plaintiffs' counsel argued, among other things, that Keaera Bryant, a class member, was willing to "step in" as plaintiff.

On September 1, 2022, Bryant filed a motion to consolidate the three actions and to file a consolidated amended complaint (motion to amend/consolidate).  The proposed complaint substituted Bryant in place of Sierra and Cornejo.  It also added Continental — allegedly the parent company of Renaissance — as a defendant.[2]  On behalf of a putative class of employees of Renaissance and/or Continental, it asserted Labor Code violations, a PAGA claim, and an unfair competition claim.

On September 22, 2022, Renaissance filed an opposition to the motion.

On October 4, 2022, Judge Riemer held a hearing on the motion to dismiss and the motion to amend/consolidate.

---

[1]     An earlier motion to dismiss, filed in March 2022, had been denied without prejudice.

[2]     Bryant asserts that Continental also "shares officers in common with Renaissance . . . ."  She does not cite any support for this assertion in the record.

At that point, Renaissance was represented by the firm of Fisher & Phillips (Fisher firm), including attorneys Spencer W. Waldron and Bret Martin. Waldron and Martin duly appeared at the hearing "for the defendant," "for Renaissance Villages."

After hearing argument, Judge Riemer denied the motion to dismiss; he ruled: "[W]hatever problems existed . . . with the named Plaintiffs, it would appear to me . . . that those problems have apparently, perhaps not positively, but apparently been cured by the location of a substitute Plaintiff . . . ." "It may be that you're able to persuade me in the future that the defense is entitled to dismissal or some other sort of relief based upon the conduct of Plaintiff's counsel or class counsel, but I'm not persuaded of that as yet." "[T]here's lots of questions which the Court has yet to finally determine the answers on."

Renaissance asked Judge Riemer to make the denial of the motion to dismiss without prejudice, so it could be renewed after conducting discovery. He agreed: "Well, . . . any new motion is going to be a [m]otion [f]or [r]econsideration, so you're going to have to meet the hurdles of CCP 1008. But assuming that you've got new evidence that could not reasonably have been presented earlier, that will not present much of a hurdle to you."

Judge Riemer also granted the motion to amend/consolidate, without stating reasons.[3]

---

[3] He may have stated reasons in his tentative ruling, but that is not in the record.

Judge Riemer then asked whether "Renaissance" waived notice. Attorney Martin replied, "[N]otice waived, your Honor."

On October 14, 2022, Continental filed a peremptory challenge (§ 170.6) to Judge Riemer. Like Renaissance, Continental was represented by the Fisher firm, including Waldron and Martin.

On October 19, 2022, Judge Riemer denied the challenge. He ruled that "[t]he Court does not grant relief to parties who have not paid their first-paper fee." That same day, Continental paid the fee.

On October 24, 2022, Continental filed a new peremptory challenge. On October 25, 2022, Judge Riemer denied it again. He ruled that "[b]ecause the defendant waived notice on 10-4-22, any 170.6 disqualification request was due within 15 days."

II

THE TIMELINESS OF THE SECTION 170.6 CHALLENGE

A.    *General Legal Background*.

"Code of Civil Procedure section 170.6 affords litigants the right to peremptorily challenge a superior court judge based on a good faith belief that the judge is prejudiced." (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 969, fn. omitted.) "So long as the 'motion is duly presented, and the affidavit or declaration under penalty of perjury is duly filed or an oral statement under oath is duly made, thereupon and without any further act or proof,' a different judge must be assigned to try the cause or hear the matter. [Citation.]" (*Id*. at p. 972.)

6

When a civil case has been assigned to a judge for all purposes, a section 170.6 challenge must be filed "within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after the appearance." (§ 170.6, subd. (a)(2).)

"The word 'appearance' as it is used in section 170.6 consistently has been interpreted to mean 'general appearance.' [Citations.] It has been construed in this fashion for the simple reason that it is only upon the making of a general appearance that a defendant submits to the jurisdiction of the court. [Citation.]" (*La Seigneurie U.S. Holdings, Inc. v. Superior Court* (1994) 29 Cal.App.4th 1500, 1504.)

"But such challenge is not allowed if, prior to the party's appearance, the judge has decided a contested fact issue relating to the merits (e.g., on a preliminary injunction hearing, [citation]) and the party appears in the same proceeding . . . in which the contested fact issue was decided. [Citations.]" (Weil & Brown, Cal. Practice Guide: Civ. Procedure Before Trial (The Rutter Group 2022) § 9:127.6, and cases cited (Weil & Brown); see § 170.6, subd. (a)(2).)

"'[S]ection 170.6 is to be liberally construed in favor of allowing a peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it.' [Citations.]" (*Maas v. Superior Court*, *supra*, 1 Cal.5th at p. 973.)

B.    *General Appearance*.

"'An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections. [Citations.]' [Citation.]" (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145.)

The trial court essentially ruled that, by appearing at the October 4 hearing, the Fisher firm made a general appearance on behalf of Continental. This was error. As the record demonstrates, the firm appeared solely on behalf of Renaissance; it waived notice solely on behalf of Renaissance. The fact that the same firm also appeared later on behalf of Continental is irrelevant. A law firm that makes an appearance for one client does not give the trial court personal jurisdiction of its other clients.

Bryant takes the position that Continental actually made a general appearance on September 22, 2022, when the Fisher firm filed an opposition to her motion to consolidate/amend. That opposition, however, was entitled "Defendant Renaissance Villages, Inc.'s Opposition . . . ." (Capitalization altered.) It was filed by the Fisher firm as "Attorneys for Defendant Renaissance Villages, Inc." (Capitalization altered.)

In Bryant's view, Continental was the real party in interest, so to speak, in that opposition. The opposition argued, among other things, that it was improper to amend so as to name Continental. Certainly it was in Continental's interest for the motion to amend to be denied. It does not matter. A party arguing something that benefits a nonparty does not magically turn the nonparty into a party.

8

Bryant relies on *Sunrise Financial, LLC v. Superior Court* (2019) 32 Cal.App.5th 114 (*Sunrise Financial*). There, the plaintiffs filed a motion in a San Diego County action to consolidate it with actions pending in San Bernardino and Los Angeles Counties. (*Id*. at p. 118.) Three of the defendants in the *San Bernardino action* (the Sunshine defendants) filed an opposition in the *San Diego action*. (*Ibid*.) Nevertheless, the motion was granted. The Sunshine defendants then filed a section 170.6 challenge to the judge in the San Diego action. (*Sunrise Financial, supra,* at p. 118.) The appellate court held that the section 170.6 challenge was untimely, because it was filed more that 15 days after the Sunshine defendants had appeared in the San Diego action by filing an opposition to the motion to consolidate. (*Sunrise Financial, supra,* at pp. 124-127.)

The difference between *Sunrise Financial* and this case could hardly be more glaring. There, the Sunshine defendants filed the opposition, and the Sunshine defendants filed the section 170.6 challenge. Here, Renaissance filed the opposition, but Continental filed the section 170.6 challenge. The latter was Continental's first appearance in the action.

Bryant also notes that Al Rattan, the president of Continental, filed a declaration in support of Renaissance's opposition. But the distinction between a party and a witness is fairly well-established. A witness who submits a declaration in connection with a motion does not thereby become a party to the action, much less make his or her employer a party

9

We conclude, therefore, that Continental made its first appearance in the action on October 14, 2022, when it filed its first section 170.6 challenge. Accordingly, the challenge was timely, unless Judge Riemer had already decided a contested fact issue relating to the merits. We turn to that question.

C.     *Decision of a Contested Fact Issue.*

Bryant argues that the trial court decided contested factual issues relating to the merits in ruling on (1) Renaissance's motion to dismiss, and (2) Bryant's motion to consolidate/amend.

1.     *The motion to dismiss.*

The motion to dismiss was premised on asserted facts, such as that Sierra and Cornejo had been victims of Labor Code violations and that plaintiffs' counsel had improperly solicited them. In opposition, plaintiffs' counsel asserted additional facts, including that Renaissance had settled with Sierra and Cornejo behind the backs of plaintiffs' counsel.

By and large, however, these facts were not *contested*. Rather, each side disclosed the facts in its favor and sought a determination of the legal effect of those facts.[4]

---

[4]     There are lurking questions as to whether a nonstatutory motion to dismiss was even authorized under the circumstances, and if it was, whether it could be based on evidence (like a motion for summary judgment) rather than on the allegations of the complaint (like a demurrer). (See generally Weil & Brown, *supra*, Attacking the Pleadings ¶¶ 7:370-7:376; but see *Baker v. Boxx* (1991) 226 Cal.App.3d 1303, 1312 [where named plaintiffs have not actually authorized attorney to proceed with case, "perhaps" the "appropriate remedy is . . . a nonstatutory motion to dismiss."].) As these issues were not raised below, we express no opinion on them.

Bryant asserts that there were two sets of contested facts.  First, she points to "when Bryant's last day of work was, and whether she was in fact subject to Covid-related temperature checks."  Second, she points to whether the amounts paid in settlement to Sierra and Cornejo constituted "consideration, direct or indirect, . . . for the dismissal."  (Cal. Rules of Court, rule 3.770(a).)

However, Judge Riemer did not decide these issues.  Bryant's working conditions went to whether she was a member of the class.  Judge Riemer found only that she "apparently, perhaps not positively," was an appropriate class representative.  (See *Guardado v. Superior Court* (2008) 163 Cal.App.4th 91, 95-99 [finding of a substantial probability that plaintiff would prevail, for discovery purposes, was not a determination of contested fact issue relating to merits].)

Likewise, he made no finding on the consideration question.  Consideration was relevant to whether Renaissance was "'pick[ing] off' prospective class representatives by offering them individual relief not made available to the entire class" (*Kagan v. Gibraltar Sav. & Loan Assn.* (1984) 35 Cal.3d 582, 587, disapproved on other grounds by *Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 643, fn. 3); if so, the trial court could not dismiss without notice to the putative class.  (*Ibid*.; see also *La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 873; Fed. Rules Civ. Proc. 23(e).)  Judge Riemer, however, denied the motion to dismiss for a different reason, namely because Bryant was substituting in.  Thus, he never reached the consideration question.

More generally, Judge Riemer's ruling on the motion to dismiss was without prejudice.  He agreed that, after conducting discovery, Renaissance could file a motion for reconsideration.  Thus, his ruling was merely provisional — it was premised on the record that had been developed thus far, and it was subject to change based on new evidence on any of the relevant factual issues.  In sum, in denying the motion to dismiss, Judge Riemer did not *determine* any contested fact issue relating to the merits.

        2.     *The motion to amend/consolidate*.

Bryant asserts that the motion to amend/consolidate — and particularly Continental's opposition — raised "factual disputes such as whether Bryant 'work[ed] during the Covid-19 pandemic,' whether Bryant was an employee of Continental, whether Continental's records reflected Bryant's employment, whether the previous plaintiffs were mistaken in their factual representations of unlawful 'solicitation,' and the factual circumstances surrounding the settlements of the previous plaintiffs."

A motion for leave to amend, however, does not raise any factual issues relating to the merits.  "If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend . . . . [Citations.]" (*Daum v. Superior Court* (1964) 228 Cal.App.2d 283, 289.)  Prejudice to the opposing party may be a factual issue, but it is not a factual issue *relating to the merits*.  Admittedly, a timely and nonprejudicial motion to amend may be (but is not required to be) denied when the amended complaint fails to state a cause of action. (*California Casualty Gen. Ins. Co. v. Superior Court* (1985) 173 Cal.App.3d 274, 280,

12

disapproved on other grounds in *Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 407, fn. 11.)  However, this is another purely legal question. (*Torres v. Adventist Health System/West* (2022) 77 Cal.App.5th 500, 507.)

Likewise, a motion to consolidate does not raise any factual issues relating to the merits.  "The usual ground is simply that consolidation would avoid repetitive trials of the same 'common issues' and thus avoid 'unnecessary costs and delays' to the court and to the parties; and the substantial risk of inconsistent adjudications.  [¶]  In short, all that the moving party need show is that the issues in each case are basically the same, and that 'economy and convenience" would be served by a joint trial.  [Citation.]"  (Weil & Brown, *supra*, Case Management and Trial Setting § 12:359.)  Again, economy and convenience may be a factual issue, but it is not a factual issue relating to the merits.

In short, Renaissance's litigation strategy may have led it to oppose the motion to amend/consolidate by raising irrelevant factual issues; however, that did not require Judge Riemer to resolve them.  And there is no indication that he did.  Indeed, after he and Renaissance's counsel discussed one factual issue — whether plaintiffs' counsel had filed three actions, rather than one, "to harass and intimidate" — he quite properly concluded, "This is really an aside, Counsel.  It doesn't go to the merits of anything that's in front of us here."

Accordingly, once again, in granting the motion to amend/consolidate, Judge Riemer did not determine any contested fact issue *relating to the merits*.

It follows that Continental's section 170.6 challenge was timely.

## III

## DISPOSITION

Let a writ of mandate issue directing the respondent superior court to vacate its order denying Continental's section 170.6 challenge and to issue a new order granting that challenge. Our stay order is vacated. Continental is awarded costs on appeal against Bryant. (Cal.Rules of Court, rule 8.493(a)(1)(A).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P J.

We concur:

SLOUGH
J.

FIELDS
J.