Filed 5/28/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED SCHOOL DISTRICT, | D083441 |
| Petitioner, | |
| v. | (Super. Ct. No. 37-2022-00044186-CU-PO-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| JOHN DOE D.Y., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING on a petition for writ of mandate. Katherine A. Bacal, Judge. Petition granted.

Higgs Fletcher & Mack, John Morris, Steven J. Cologne, Susan M. Hack, Jacob T. Spaid, and Steven M. Brunolli for Petitioner.

No appearance by Respondent.

No appearance by Real Party in Interest.

Code of Civil Procedure section 170.6 empowers a party to assert a peremptory challenge to a judge upon the filing of an affidavit by the party's attorney. When a party first appears in a civil case after it has already been assigned to a judge for all purposes, the party must assert a challenge under section 170.6 within 15 days of the party's first appearance. (§ 170.6(a)(2).) Section 170.6(a)(2) provides such a challenge is permissible even if a judge "has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial . . . and *not* involving a *determination of contested fact issues relating to the merits*." (*Ibid.*, italics added.)

This writ petition arises out of a lawsuit filed by an adult alleging that he was a victim of childhood sexual assault in elementary school. Under section 340.1 of the same code, every plaintiff 40 years of age or older at the time of filing a childhood sexual assault case must file a certificate of merit for each defendant and cannot serve any defendant until the court determines, "based solely on those certificates of merit, that there is reasonable and meritorious cause for the filing of the action against that defendant." (§ 340.1(e), (h).) Additionally, the plaintiff must name each defendant by fictitious designation unless the plaintiff files a certificate of corroborative fact and the court determines, "based solely on the certificate and any reasonable inferences to be drawn from the certificate, [that] one or more facts corroborative of one or more of the charging allegations against a defendant has been shown." (§ 340.1(m).)

The issue of first impression in this proceeding is whether a ruling that a plaintiff may serve and name a defendant in a complaint filed under section 340.1 is a "determination of contested fact issues relating to the merits" under section 170.6(a)(2). We conclude it is not.

2

I.

Plaintiff and Real Party in Interest John Doe D.Y. filed this action in November 2022. As section 340.1 requires, Plaintiff used fictitious Doe designations for all defendants and did not serve any at the time of filing. That same day, the case was assigned for all purposes to Judge Katherine A. Bacal.

In October 2023, the superior court entered an order on Plaintiff's ex parte application to serve and name Doe defendants under section 340.1. The appellate record does not contain either Plaintiff's certificates of merit or certificate of corroborative fact, which by statute are not served on the defendant and are reviewed in camera by the trial court. (§ 340.1(h), (*l*)(3), (m).) Additionally, the certificate of corroborative fact is kept under seal and confidential from the public and all parties. (§ 340.1(n).)

In November 2023, Plaintiff filed an amendment to the complaint naming Doe 1 as Defendant and Petitioner San Diego Unified School District. Plaintiff served the District with the complaint in December 2023.

On January 3, 2024, the District filed its first appearance seeking an automatic extension of time to demur. That same day, it filed its peremptory challenge under section 170.6. The superior court denied the challenge as "untimely" with no further explanation.

The District filed the instant petition for writ of mandate requesting that we order the superior court to grant the peremptory challenge, arguing it timely filed the challenge within 15 days of its first appearance. We issued an order to show cause, directing Plaintiff to address section 340.1 in its return and inviting the superior court to file a response to the petition. Neither Plaintiff nor the superior court filed any briefing. The District filed a supplemental brief in lieu of a reply, arguing review of section 340.1

certificates is not a "determination of contested fact issues relating to the merits" for purposes of time-barring a peremptory challenge under section 170.6. We agree.

## II.

## A.

We begin by outlining the procedures for reviewing section 340.1 certificates. The certificate of merit for each defendant must include declarations from (1) an attorney who has "reviewed the facts of the case, consulted with at least one mental health practitioner who the attorney reasonably believes is knowledgeable of the relevant facts and issues" and concluded "there is reasonable and meritorious cause for the filing of the action," and (2) a mental health practitioner who has "interviewed the plaintiff and is knowledgeable of the relevant facts and issues" and concluded "that in the practitioner's professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse." (§ 340.1(f).) A "defendant shall not be served" with the complaint until the court has reviewed the certificate of merit. (§ 340.1(h).)

The certificate of corroborative fact required to identify the defendant by name must include an attorney declaration setting forth "in clear and concise terms the nature and substance of" "one or more facts corroborative of one or more of the charging allegations against a defendant or defendants." (§ 340.1(*l*)(1).) "[A] fact is corroborative of an allegation if it confirms or supports the allegation." (*Ibid.*) "If the corroborative fact is evidenced by the statement of a witness or the contents of a document," the attorney must declare personal knowledge thereof and provide "the identity and location of the witness or document." (*Ibid.*) The court must keep all certificates of

4

corroborative fact under seal and confidential from both the public and the parties. (§ 340.1(n).)

The court must review the certificates of merit in camera and find, "based solely on those certificates of merit, that there is *reasonable and meritorious cause* for the filing of the action against that defendant." (§ 340.1(h), italics added.) Likewise, the court must review the certificate of corroborative fact in camera and, "based solely on the certificate and any reasonable inferences to be drawn from the certificate," find that "*one or more facts corroborative of one or more of the charging allegations* against a defendant has been shown." (§ 340.1(m), italics added.)

B.

We conclude the above findings do not preclude a section 170.6 peremptory challenge.

Courts have narrowly construed what constitutes "'a determination of contested fact issues relating to the merits'" under section 170.6, "limiting it to decisions that are actually on the merits of the case." (*Guardado v. Superior Court* (2008) 163 Cal.App.4th 91, 97-98 (*Guardado*).) "In order to act as a bar to the motion to disqualify, the judge must have actually resolved conflict in factual contentions relating to the merits." (*Landmark Holding Group v. Superior Court* (1987) 193 Cal.App.3d 525, 527 (*Landmark*).)

Courts have held the limitation does *not* apply to rulings on demurrers, motions for judgment on the pleadings, motions for summary judgment, requests for temporary restraining orders, motions for continuance, motions to amend an information, motions to quash for lack of personal jurisdiction, requests for protective orders, or motions to set aside an information in a criminal case for lack of probable cause, either because they involved questions of law or did not resolve conflicting factual contentions as to the

5

case's merits.  (*See Guardado, supra*, 163 Cal.App.4th at p. 97, fn. 5 [collecting cases].)  "'It is not enough that a judge make a determination which relates to contested fact issues.  [The judge] must have actually resolved or determined conflicting factual contentions relating to the merits prior to trial before the right to disqualify is lost.'"  (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 5 (*Barrett*).)

In *Barrett*, the court of appeal concluded a judge erred in denying a criminal defendant's section 170.6 peremptory challenge on the basis that the judge had presided over the defendant's preliminary hearing.  (*Barrett, supra*, 77 Cal.App.4th at p. 6.)  Although a judge in a preliminary hearing may weigh evidence, resolve conflicts, and assess credibility, the judge only decides "whether the factual showing is sufficient to establish probable cause," not "'whether [the] defendant committed the crime.'"  (*Ibid.*)

It is true that in *Pacific etc. Conference of United Methodist Church v. Superior Court* (1978) 82 Cal.App.3d 72, this court stated in dicta that a section 170.6 motion is barred once a judge participates in a preliminary injunction hearing.[1]  (*Id.* at p. 80.)  We reasoned that such hearing "involving as it does an assessment of the likelihood that plaintiffs would prevail at trial" requires "a determination of contested fact issues relating to the merits."  (*Ibid.*)  Even if this is correct, a decision to grant or deny a

---

[1] In concluding that ruling on a demurrer did not preclude a judge from being disqualified because the judge "simply accepted plaintiff's factual allegations as true," another court stated in dicta that proceedings relating to class certification would preclude disqualification because it involves "a determination of contested factual issues."  (*Fight for the Rams v. Superior Court* (1996) 41 Cal.App.4th 953, 958, 959-960.)  The court reasoned that a class certification decision "'frequently determines'" a case's "'continuing viability'" and requires the plaintiff to "'establish that in fact the requisites for continuation of the litigation in that format are present.'"  (*Id.* at p. 959, fn. 3.)

6

temporary restraining order does not involve a merits determination on contested fact issues so as to preclude the exercise of a section 170.6 challenge, despite the fact that the court applies a similar "likelihood that the plaintiff will prevail on the merits" standard. (*Landmark*, *supra*, 193 Cal.App.3d at p. 529.) This is particularly true where the restraining order is addressed in an ex parte proceeding. (*Id.* at pp. 528-529.)

The purpose of the certificate of merit is to impose a pleading hurdle "'to prevent frivolous and unsubstantiated claims.'" (*Jackson v. Doe* (2011) 192 Cal.App.4th 742, 752.) Thus, a ruling under section 340.1 that a case may proceed against a defendant and that the defendant may be named is similar to a finding of probable cause in a criminal prosecution. While there must be "reasonable and meritorious cause" to proceed and corroboration of facts, there is no determination of the merits of the case or resolution of conflicting factual contentions. A defendant has no opportunity to oppose the certificate of merit or certificate of corroborative fact and even *raise* conflicting facts, making review under section 340.1 comparable to a demurrer or the ex parte consideration of a request for a temporary restraining order based on the likelihood of success on the merits. We conclude this limited review, which does not involve any determination of conflicting facts, does not preclude a subsequent section 170.6 peremptory challenge. Without prior guidance on this issue, the superior court erred in ruling that the District's peremptory challenge was untimely.

### III.

Let a peremptory writ of mandate issue directing the superior court to vacate its January 8, 2024 order denying the District's peremptory challenge, and to enter an order granting the peremptory challenge and reassigning *John Doe D.Y. v. Doe 1, et al.*, San Diego County Superior Court No. 37-2022-

00044186-CU-PO-CTL to a different judge.  Upon finality of this decision, the previously issued stay is vacated.  Each party is to bear their own costs in this proceeding.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.

8